### BLAKEMORE & ROUTH v. W. C. JONES.

#### No. 94.

1. **Conditions Precedent — Construction.** — Suit on money obligation. Defense sought a credit under a clause in the contract by which rent for certain lands for the years 1886 and 1887 should be credited thereon. The contract provided that the obligees were to look to a lessee of the maker for the rents when the amount should be ascertained between the lessor and lessee, and such amount credited upon the contract. The answer failed to show that the amount of the rents had been ascertained, etc., as prescribed. *Held,* that exceptions to the answer setting up the rents as credits should have been sustained.

2. **Practice on Appeal — Reversal and Rendering.** — Under article 1048, Revised Statutes, upon reversal, if the losing party had ample opportunity on the trial below to present the facts relied upon by him, and if it is unnecessary for the disposition of the case that any further fact be ascertained, this court will render such judgment or decree as the court below should have rendered.

#### ON REHEARING.

3. **Credit Allowed on Appeal.** — An undisputed credit not allowed by the trial court is allowed on appeal, although the brief of appellant did not complain of the error.

APPEAL from Tom Green. Tried below before Hon. J. W. TIMMINS.

*T. C. Wynn* and *Cochran & Hill,* for appellants. — 1. The settlement of rents and the endorsement of the amounts thereof, provided for in the contract, were conditions to be performed by appellee before he could urge the assignment thereof as a credit against appellants' demand. 2 Pars. on Con., 7 ed., sec. 527, and notes; Anson on Con., 294; 3 Am. and Eng. Encycl. of Law, 422, 427.

2. An agreement to pay otherwise than in money is presumed to be made in favor of the debtor, and if payment is not made in strict accordance with the terms of the contract, it then becomes absolute for money. Dumas v. Hardwick, 19 Texas, 239; Baker v. Todd, 6 Texas, 273; Short v. Abernathy, 42 Texas, 95; Hemming v. Zimmerschitte, 4 Texas, 163;

Self v. King, 28 Texas, 552; Grant v. Burleson, 38 Texas, 214; Roberts v. Beatty, 21 Am. Dec., 415, 424, and notes.

3. All the provisions of a written contract must be construed together, to ascertain their true meaning, and that construction will be adopted which will harmonize and give an interpretation to each clause consistent with the meaning of the rest of the instrument. 2 Pars. on Con., 7 ed., secs. 502, 503, and note u; Hearne v. Gillett, 62 Texas, 23; James v. Adams & Wickes, 64 Texas, 193; 3 Am. and Eng. Encycl. of Law, 867, sec. 42, and notes.

*W. A. Wright* and *West & Cochran*, for appellees.

STOREY, L. J., SPECIAL JUDGE.—On March 26, 1888, appellants, T. M. Blakemore and J. H. Routh, filed their suit in the District Court of Tom Green County, against appellee, W. C. Jones, to recover $1000 and interest on the following contract in writing, dated January 1, 1887, to-wit:

"*The State of Texas, Tom Green County.*—This memorandum witnesseth, that whereas, heretofore, to-wit, in the month of July, 1886, W. C. Jones, of said county and State, entered into a contract of sale of certain lands situated in Tom Green County, with T. M. Blakemore, of Taylor County, Texas, and J. H. Routh, of Runnels County, Texas, whereby said W. C. Jones agreed and obligated himself, in consideration of the sum of $18,500 paid and to be paid by said T. M. Blakemore and J. H. Routh, to convey to said Blakemore & Routh certain tracts of land situated in Tom Green County, Texas, more particularly described in the said contract of sale, which is now on record in the county clerk's office of Tom Green County, said tracts being in the following names, to-wit: James Eldridge survey, 640 acres; Albert Black survey, 640 acres; Elizabeth A. McGill survey and James Webb survey, quantity of land in each of these two surveys not stated in said contract; the James Kiggins survey, 177 acres; and G. A. F. Locklin 28 acres, and one section 640 in the name of Houston & Texas Central Railroad Company; all of said land situated on South Concho, in said county and State. That at the time said contract of sale was entered into, said Blakemore & Routh paid to said W. C. Jones the sum of $1000 cash. And whereas, said W. C. Jones is unable to comply with said contract of sale, and make to said Blakemore & Routh a good and sufficient deed and title to said lands specified in said contract of sale; and whereas, said W. C. Jones and T. M. Blakemore and J. H. Routh have agreed to cancel said contract and sale, and to hold the same henceforth for naught, the said W. C. Jones hereby acknowledging the receipt of said $1000 from said Blakemore & Routh, and hereby agrees and obligates himself to pay back and return to said T. M. Blakemore and J. H. Routh the said $1000, together with interest on the same at the rate of 10 per

cent per annum from the date of said contract of sale, in the manner following, to-wit: That is to say, said T. M. Blakemore and J. H. Routh agree to take in part payment on said $1000 and interest whatever sum may be found on settlement between W. C. Jones and one C. H. Faires to be due said Jones by said Faires on rent of land for the year 1886, the sum so found due to draw no interest from this date. That the amount so found due on said settlement between said Jones and Faires to be endorsed on this agreement, and said Blakemore and Routh then to look to said C. H. Faires for the payment of said sum so found due. That said C. H. Faires has rented from said W. C. Jones certain lands for the year 1887, which is evidenced by a lease contract between said parties, the number of acres so leased to be determined by survey of said lands. The said Blakemore & Routh agree to take in part payment on said $1000 and interest the amount which will be found to be owing by said Faires to said Jones on the rent for 1887, in accordance with said contract, and said Jones agrees to assign and transfer at once to said Blakemore & Routh the said lease contract between himself and said Faires; and when said land is surveyed and the amount owing by said Faires to said Jones ascertained, the same shall be endorsed on this agreement, and said Blakemore and Routh shall thereafter look to said Faires for the amount so found due. Should the sums so found due from said Faires to said W. C. Jones exceed the sum of said $1000 and interest, then the excess shall be paid over to said W. C. Jones. Should the sums so found due from said Faires to said Jones not be sufficient to pay said sum of $1000 and interest, the said W. C. Jones obligates and binds himself to pay to T. M. Blakemore and J. H. Routh the amount which may be so found still due to make said sum of $1000 and interest. That when said settlement is made as aforesaid, or said Jones shall demand, said T. M. Blakemore and J. H. Routh agree to execute to said W. C. Jones a release of all right, title, and claim which they may have by reason of the contract of sale aforesaid in the lands aforesaid.

"Interlineations in lines 3, 7, and 30, on page 3, made before signing.

"Witness our hands, this 1st day of January, A. D., 1887.

"W. C. Jones,
"T. M. Blakemore,
"J. H. Routh.

"Witness:
"J. W. Hill,
"C. E. Dubois."

Appellee filed his second amended original answer, and set up several defenses, all of which were by the rulings of the court on appellants' special exceptions eliminated from the case, except that the contract sued on by its terms transferred and assigned to appellants, in satisfaction of

their demand, certain indebtedness due by one C. H. Faires to appellee on rents for the years 1886 and 1887; and specially that appellee, by the terms of said contract, had transferred and assigned to appellants a certain lease contract, dated December 20, 1886, between himself and Faires, and claimed a credit of $553 on appellants' demand, by reason of such assignment, and also made said Faires a party defendant.

Appellants, on April 30, 1889, filed their second supplemental petition in replication to appellee's second amended original answer; and among others, specially excepted to so much of said answer as claimed a credit of $553 by reason of the transfer of the said lease contract between appellee and said Faires, because there were no allegations therein that appellee and Faires had settled the amount of rents due under said lease contract, or that appellee had ever endorsed, or offered to endorse, upon the contract sued on any amounts found due; which exception was overruled.

Appellants then specially plead, that at the time the contract sued upon was entered into, the amount of rents due by Faires to appellee for the years 1886 and 1887 was unknown and undetermined, and that by the terms of said contract it was the duty of appellee to ascertain the amount of rents so due, and have it endorsed upon the contract sued on; that appellee and Faires had never made any settlement of the rents, and that appellee had never made, nor directed to be made, any endorsement on appellants' demand of the credits claimed by him.

Faires filed his plea to the jurisdiction of the court over his person, which was sustained, and he was dismissed from the case.

Jury waived, and cause submitted to the court, who held that the legal effect of the contract between appellants and appellee sued on was to transfer to appellants the lease contract between appellee and said Faires, and allowed appellee a credit of $549.50 thereunder, and rendered judgment for appellants for $1000 and interest, less said credit. Appellants filed their motion for a new trial, which was overruled; to which appellants excepted, and gave notice of appeal to the Supreme Court, and now prosecute their appeal.

Appellants assign a number of errors, all of which go to the construction of the contract sued on and the nature of the judgment rendered.

The errors copied into the brief, and to which our attention is called, are the second, eighth, ninth, and tenth assignments.

The second error assigned is the action of the court overruling appellants' exceptions claiming credit of $553 due by Faires to Jones under a lease for the year 1887.

The eighth assignment complains of the conclusions of law, and the legal effect given to the contract that appellee was to transfer the lease contract between him and Faires to appellants, and have credit therefor.

The ninth error assigned is, that the court erred in allowing appellee credit for $549.50, to be endorsed as a credit August 1, 1887.

The tenth error assigned is the rendition of judgment for only $646.77 against appellee.

It seems to be considered on all sides, that as to the rent for the year A. D. 1886 the contract prescribes conditions precedent to be performed before any credit therefor could be claimed by appellee. The language in that part of the contract is as follows, viz.: "Said T. M. Blakemore and J. H. Routh agree to take in part payment on said $1000 and interest whatever sum may be found on settlement between W. C. Jones and one C. H. Faires to be due said Jones by said Faires on rent of land for the year 1886. * * * That the amount so found due on said settlement between said Jones and Faires to be endorsed on this agreement, and said Blakemore and Routh then look to C. H. Faires for the payment of said sum so found due."

Then follows the clause relative to the rent for the year 1887, viz.: "That said C. H. Faires has rented from said W. C. Jones certain lands for the year 1887, which is evidenced by a lease contract between said parties, the number of acres so leased to be determined by survey of said lands. The said Blakemore & Routh agree to take in part payment on said $1000 and interest the amount which will be found to be owing by said Faires to said Jones on the rent for 1887, in accordance with said contract, and said Jones agrees to assign and transfer at once to said Blakemore & Routh the said lease contract between himself and said Faires; and when said land is surveyed and the amount owing by said Faires to said Jones ascertained, the same shall be endorsed on this agreement, and said Blakemore & Routh shall *thereafter* look to said Faires for the amount so found due. Should the sum so found due from said Faires to said W. C. Jones exceed the sum of said $1000 and interest, then the excess shall be paid over to said W. C. Jones. Should the sum so found due * * * not be sufficient to pay said sum of $1000 and interest, the said W. C. Jones obligates and binds himself to pay to T. M. Blakemore and J. H. Routh the amount which may be so found still due to make said sum of $1000 and interest."

It seems from the foregoing quotations, that there is a condition precedent to be performed in the rent contract for the year 1887, as well as for the year 1886, which was in each case that Jones should have a settlement of his account for rent for each year, and that then the amount so found to be due was to be placed as a credit on the contract here sued on, and that "Blakemore and Routh *shall thereafter look to said Faires for the sum so found due.*"

This being our construction of the contract, it follows that the failure of the defendant, Jones, to allege a settlement with Faires, and to present to plaintiffs evidence of said settlement, so as to show a liquidated de-

mand on Faires, his allegations would not be sufficient, and the fourth exception to his answer was well taken, and should have been sustained by the court.

It was error to allow the credit of $549.50.

The judgment should have been for the $1000 and interest thereon at 10 per cent from the 30th day of July, A. D. 1886; and the judgment of the court below is reversed and, so reformed, is here rendered for appellant for said amount.

*Reversed and rendered.*

Delivered June 14, 1893.

Chief Justice FISHER did not sit in this case.

## ON MOTION FOR REHEARING.

STOREY, L. J., SPECIAL JUDGE.—It is contended by appellant: (1) That the court below correctly construed the contract sued on to be self-executing, and that it gave appellants the right to demand of and to receive from Faires the rent due appellee, Jones, by Faires for the year 1887, without any action by appellee or settlement between him and Faires; and that the court below correctly held that appellee was entitled to a credit for the amount due by Faires; and that the evidence showed that there were 78½ acres of the land at $7 per acre, making the $549.50, as found by the court below.

(2) That if not affirmed, the judgment of the court below should have been reversed and remanded, because, as appellee contends, the pleadings and exhibits attached thereto show that appellee has other evidence constituting a defense, and that the case has not been fully developed.

(3) That in any event the appellee should have been credited with $199.90 paid by Faires to Blakemore through the witness Hill.

1. As to the first point raised, we think we have correctly construed the contract sued on. It requires a settlement between appellee, Jones, and his tenant, Faires, to ascertain the amount of rent due Jones, and that these amounts for rents for the years 1886 and 1887, when ascertained, must be credited on the contract sued on, and that *thereafter* appellants must look to Faires for payment of the rents found to be due by him; and so the parties all understood and acted upon the contract until about the time this suit was brought.

Mr. Hill, the lawyer who drew up this contract, testified as a witness on the trial of this case, that the contract was left with him or in his possession, "so that when Jones and Mr. Faires had settled the amount of rents due for 1886 and 1887, the amounts could be endorsed upon the contract in accordance with its terms; that Jones has made no endorsement, nor has he directed any endorsement made on the contract of the

amount due by Faires to him.  That in the spring of 1887 he called on Mr. Jones, at the instance of plaintiffs, to know whether he and Mr. Faires had settled upon the amounts of the rents for 1886 and 1887, and he told me that they had not."  That about a week before this suit was filed he made a formal demand on Jones to comply with his contract, when Jones replied, "I can do nothing;  *  *  *  I will see my lawyer."  That in July, 1887, Mr. Faires called in his office, and said that he "had received a letter from Dr. Blakemore, urging him and Jones to settle, and saying that he was in need of some money."

This suit was filed March 26, 1888.

Appellant J. H. Routh testified, that appellee, Jones, was present when the contract was prepared and signed.  That the contract was left with Mr. Hill, in San Angelo, "so that when Mr. Jones and Mr. Faires had made settlement of the rents due from Mr. Faires to Mr. Jones for the years 1886 and 1887, Mr. Jones could have the amount endorsed upon the contract.  Mr. Jones knew that Mr. Hill would hold the contract for the endorsement of the amount due when he and Mr. Faires should settle."

It is thus seen that the appellants and the attorney who drew up the instrument sued on construed the instrument as we have done.  That is, that Jones must have a settlement with Faires, and ascertain the amount due him, and have the same endorsed upon the contract before he is released; and that thereafter appellants must look to Faires for payment of that amount.

Appellee, Jones, himself was upon the witness stand, and did not in the slightest degree on this point contradict the statements made by appellants and the witness Hill, who drew up the contract, and held it awaiting the settlement and for the endorsement to be made thereon.

And as further proof that appellee, Jones, so construed the contract sued on, prior to the filing of this suit he did not deliver or offer to deliver up to appellants his lease contract made in writing with Faires, but retained it in his possession, and attached it to his pleadings in this case; and prior to this suit attempted to arbitrate the matter of difference between himself and his tenant, Faires, and instead of an effort to ascertain the amount due for rent for the year 1887, he coupled with his claim for rent a demand for damages to fruit trees, pasturage, and other matters, amounting in all to $1955.  This effort to arbitrate went on in court for sometime, and was finally abandoned.

It is further seen that no transfer was ever endorsed upon the lease contract held by Jones and attached to his pleadings until after appellants announced ready for trial; and then coupled his endorsement and transfer with the demand that appellants pay him the difference between his $1955 account on Faires and the $1000 due by him to appellants—or in other words, the transfer thus made was not an unconditional transfer of

the rental contract on Faires, or of any ascertained indebtedness due by Faires to Jones.

We have construed the contract according to its reading; and if there is any ambiguity about it, our construction is fully sustained by the acts of the parties to it, and by the construction placed upon it by them at all times up to the trial of this case.

2. As to the second question, we think there is no matter of fact to be ascertained in this case which the appellee has not had ample time and opportunity to present to the court upon the real issues in the case.     Rev. Stats., art. 1048.

3. As to the claim for the credit of $199.90, we believe this was not named in the briefs filed by either party, and was not before called to our attention.   (Appellee's brief has disappeared from this record since we rendered our opinion.)

It is true, however, that in July, 1887, Faires left with Hill a claim for collection for $199.90, and told him to collect and send to Dr. Blakemore; saying that he had received a letter from Dr. Blakemore urging him and Jones to settle, and saying that he was in need of money.   This amount Hill collected and sent to Blakemore, which Blakemore says he received the latter part of August, 1887.   The contract sued on should be credited with this amount as of August 31, 1887; and our former judgment is so reformed.

The judgment of the court below is reversed and here rendered for appellants for the $1000 sued for, with 10 per cent interest thereon from the 30th day of July, A. D. 1886, less the credit of $199.90 paid August 31, 1887.   The appellants to pay the cost of this motion, but recover cost of appeal.

*Reversed and rendered*

Delivered December 6, 1893.

Chief Justice Fisher did not sit in this case.