**UVALDE ROCK ASPHALT CO. v. RALLS-SCHMIDT et al.**

No. 10189.

Court of Civil Appeals of Texas. Galveston.

Feb. 6, 1936.

Rehearing Denied Feb. 27, 1936.

Kampmann & Burney and W. P. Dobbins, all of San Antonio, for appellant.

Roberts & Orem, Elbert Roberts, and William D. Orem, all of Houston, for appellees.

GRAVES, Justice.

Appellant sought recovery of an alleged balance due from the appellee under a paving certificate issued by the city of Houston on June 23d of 1924 against her, under her then name, as a feme sole, of Mrs. G. A. Ralls, as for the paving improvement of her separate property, asking also the foreclosure of claimed statutory and contract liens securing the same; in answer, the appellee pled the two and four-year statutes of limitation (Vernon's Ann.Civ.St. arts. 5526, 5527) against the claim, further alleging that she had married Mr. Schmidt shortly after the date of the declared upon paving certificate and its accompanying contract lien, that is, in July of 1926, and was still married to him at the date of this trial, adding that the parties here, on June 28th of 1926, prior to such marriage, had in writing agreed to accelerate the maturity of any balance then and thereafter to become due from her on this paving certificate whereby it was thereafter to mature in $25 installments per month, which rearrangement had resulted in appellant's claim having become long since barred; in rejoinder, appellant replied that it had never known until the filing of the appellee's amended assertion of that fact that she had so married Mr. Schmidt, and further averred that, in any event, she had on May 16th of 1929,

in her same capacity as a feme sole and in her original name as such, renewed and agreed to pay any balance then and thereafter to become due upon its claims, hence she was now not only estopped to claim otherwise, but was bound under the law by such renewal, notwithstanding she may have then been, unknown to it, so the wife of Mr. Schmidt; the appellee, in finally pleading, denied owing any part of the debt sued upon, averring that it had been paid.

After a trial before the court without a jury, on closing of appellant's evidence, the learned trial court entered judgment in the appellee's favor upon this recited finding: "No jury being demanded, all matters of fact as well as of law were submitted to the court, who after hearing the evidence offered by plaintiff (the defendants having offered no testimony, but having moved for Judgment upon the conclusion of plaintiff's evidence, reserving the right, however, to offer proof, if the court should overrule such motion), the court is of the opinion that the claims sued upon by the plaintiff are barred by limitation, and the court so holds."

Although, as stated supra, the appellee alleged her marriage to Mr. Schmidt, she neither offered any proof of that fact, nor of her asserted payment of any part of the claim so sued upon against her; it may be conceded (in fact that is the conclusion of this court) that the rearrangement between the parties of June 28th of 1926, which was prior to the appellee's marriage to Schmidt, did constitute an agreement to accelerate into $25 monthly payments the whole paving claim against her, and that it all would have been barred at the time this suit was filed on March 19th of 1932, but for the acknowledgment and reinstatement thereof claimed by appellant to have taken place on May 16th of 1929, but this court is wholly unable to agree with the appellee that (even if she had proved her allegation that she was then the wife of Mr. Schmidt and had been since July of 1926) she was not bound by that transaction because of such coverture; on the contrary, this court holds (1) that the two letters between the parties of that date and evidencing that transaction amounted to an acknowledgment of the debt and a renewal of it by her; and (2) that she was bound thereby, being then, as she therein undertook to do, fully empowered in her pre-existing name as a feme sole, to so renew the debt and bind her separate property for it. The letters

referred to under the first of these conclusions were as follows:

"Houston, Tex., May 16, 1929.
"Uvalde Rock Asphalt Company, 820 Dowling Street, Houston, Texas.

"Enclosed find check for $121.80, which I understand brings the note up to date, and incidentally gives me a little more time to raise the balance due.

"Please mail me statement of balance due to complete payments due you.

"Cordially yours,
"Mrs. G. A. Ralls."

"Houston, Tex., May 21, 1929.
"Mrs. G. A. Ralls, 708 Esperson Building, Houston, Texas.

"Dear Madam: We are enclosing statement of your Westheimer Road paving account, showing a balance due, after applying your payment of May 16th for $121.80, of $244.44. This represents the third, fourth and fifth installments, all of which are past due.

"We will extend this account to not later than November 1, 1929, and will expect you to pay this as soon as possible before then. Please acknowledge receipt of this statement and confirm this extension, and oblige

"Yours very truly,
"Uvalde Rock Asphalt Company
"By M. B. Hardin."

That they amounted to acknowledgment of the debt, and an implied promise thereafter to pay it, is established by these authorities: Article 5539, R.C.S. of Texas, 1925; article 5522, R.C.S. of Texas, 1925; Webber v. Cochrane, 4 Tex. 31; Stein v. Hamman, 118 Tex. 16, 6 S.W.(2d) 352, 9 S.W.(2d) 1104; Elsby v. Luna (Tex.Com. App.) 15 S.W.(2d) 604; Howard v. Windom, 86 Tex. 560, 26 S.W. 483; Sewell v. Wilcox (Tex.Civ.App.) 290 S.W. 264; Watson v. First Nat. Bank (Tex.Com.App.) 285 S.W. 1050; Caterpillar Tractor Co. v. Churchill (Tex.Civ.App.) 40 S.W.(2d) 971; Acers v. Acers, 22 Tex.Civ.App. 584, 56 S. W. 196.

As concerns the second of them, it is well settled that a married woman may execute an extension agreement without the joinder of her husband, when the purpose of it, as was the undisputed fact in this instance, is the extension of the time of payment of a lien upon her separate property, since such a contract would be for the benefit of her separate estate. Speer's Marital

Rights (3d Ed.) § 186, p. 250; Texas Jurisprudence, vol. 23, § 178, p. 214.

It follows that the court's determination that the bar of limitation existed was error, and since the appellee offered no proof whatever upon her claim of the payment of the debt sued upon, that judgment should be here rendered against her in appellant's favor for the balance due, together with the foreclosure of the two liens, as declared upon in its trial petition.

Reversed and rendered.

## On Motion for Rehearing.

PER CURIAM.

Rehearing denied.

GRAVES, Justice (dissenting).

I respectfully dissent from the overruling in toto of the appellees' motion for rehearing in this cause, believing that the ends of justice would the better be conserved by reversing and remanding it for another trial only upon the question of whether or not the appellee made payment of the obligation sued upon, as she declared in her pleading; it expressly appears from the record that no trial whatever was had upon that feature, due to the trial court's granting the appellees' motion for judgment upon the conclusion of the appellant's evidence, hence the cause was not fully developed if the appellees did in fact have any such evidence to present; that pleaded defense had nothing to do with the issues upon which the trial court granted their motion for judgment in their favor, and it does not seem consonant with justice to penalize them to the extent of cutting that defense off entirely because they made that motion; in support of this view, this is quoted from 3 Texas Jurisprudence, page 1219: "Upon reversal, the case will be remanded for another trial as of course where upon the former trial the evidence was not fully developed owing to an erroneous ruling of the trial court, or to a mistaken view of the case taken by the trial court which has either prevented the appellee from completely developing his case or has caused him to rest upon an incomplete presentation of it, or may have had this effect. The appellee having rested his case upon an erroneous ruling of the trial judge, the appellate courts are reluctant to deny to him an opportunity of presenting his case afresh after correction of the error, where assurance is given by counsel that additional evidence is available, or where the case is susceptible of further development by additional evidence, or, again, where on another trial additional evidence may be offered." See, also, same volume, pages 1217 and 1220, with footnote cited authorities.

The leading cases apparently to the contrary of this quoted declaration are Bridgewater v. Hooks (Tex.Civ.App.) 159 S.W. 1004, 1009, Blakemore v. Jones, 5 Tex.Civ. App. 516, 22 S.W. 779, 24 S.W. 305, and Sovereign Camp, W. O. W., v. Patton, 117 Tex. 1, 295 S.W. 913, as cited under paragraph 854, 3 Texas Jurisprudence, supra, at the bottom of page 1219; but no one of these cases would seem to furnish an equivalent state of facts to this one, in that in each of them there was no order of the court that induced or at least led to the failure of the appellees to offer evidence material to the fact issues presented by their pleadings, and there was nothing otherwise indicating that the cause had not been fully developed, the reverse of which situations in both particulars expressly appears here. Furthermore, appellees' motion for rehearing gives assurance that evidence of the alleged payment is available, and prays for opportunity to present it, whereas the appellant did not seek the rendition, but merely asked for a remanding.