### GEORGE CLAYTON ET AL. V. J. B. WATKINS ET AL.

Delivered May 28, 1898.

**1. Limitations—Pleadings.**

Where plaintiffs' original petition declared on a note barred on its face, and defendants' exceptions set up limitation, but before any ruling thereon plaintiff amended, declaring on a written promise sufficient to extend the note, there was no error in overruling the exceptions.

**2. Same—Written Extension of Note by Letter.**

A letter asking that the writer's loan be carried a year longer, and offering to pay the interest in advance for such year and to give additional security, if desired, is a sufficient acknowledgment of the justice of the debt and promise to pay it to prevent limitation from barring it during the year for which it was so extended, although the note evidencing the debt was a vendor's lien note, not executed by the writer, but by one from whom he had since bought the land subject to the lien.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*Kirby & Kirby,* for appellants.

*Robertson & Firmin,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—September 1, 1897, J. B. Watkins, T. H. Chalkley, and M. Summerfield, plaintiffs, filed their original petition against J. J. Robinson, Thomas H. Snow, George Clayton, and Esther Clayton, defendants, in which plaintiffs declared on a note for $600, and prayed for a foreclosure of a vendor's lien on 160 acres of land.

Defendant George Clayton answered by general and special exceptions, general denial, plea of limitation, and plea of title in himself. Defendant Esther Clayton filed general demurrer and general denial.

Thomas H. Snow filed general and special exceptions, general denial, and plea of limitation.

J. J. Robinson filed general and special exceptions, general denial, and special pleas.

Plaintiffs filed their first amended original petition, in which they set up alleged new promises, again declared on same note as in the original petition, and prayed for a judgment on said note and for a foreclosure of the vendor's lien.

Defendants George Clayton, Esther Clayton, and Thomas H. Snow filed jointly first supplemental answer consisting of general and special exceptions, general denial, and plea of limitation. All exceptions were overruled by the court except those of J. J. Robinson. The cause was tried by the court and resulted in a judgment in favor of plaintiffs against Thomas H. Snow and George Clayton for the amount of the note, and against all the defendants for a foreclosure of the lien. George Clayton and Esther Clayton have perfected their appeal to this court.

The following facts were proven: Plaintiff introduced in evidence: 1. Note for $600, dated October 25, 1889, due October 25, 1891, executed by Thomas H. Snow, payable to J. J. Robinson, with interest from date at the rate of 10 per cent per annum, payable annually, both principal and interest payable at the office of the J. B. Watkins Land Mortgage Company, Dallas, Texas, secured by a vendor's lien on 160 acres of land described in plaintiff's petitions filed herein, which note was indorsed on the back, "J. J. Robinson."

2. Warranty deed from J. J. Robinson and wife, D. L. Robinson, to Thomas H. Snow, dated October 25, 1889, conveying the land described in plaintiffs' original and first amended original petitions filed herein, and reciting as a part of the consideration for the land the note above described, and being the note herein sued on, said deed specially reserving a vendor's lien to secure its payment on the land described in said deed, being same land above mentioned. Said deed was filed for record in Eastland county, Texas, October 28, 1889, and duly recorded.

3. Warranty deed from Thomas H. Snow to George Clayton, dated October 23, 1893, conveying the land described in plaintiffs' original and amended petitions herein, and reciting the consideration, as follows:

"Fourteen hundred dollars to me in hand paid by George Clayton, as follows, to wit: Eight hundred dollars cash in hand paid, and one promissory note for ($600) six hundred dollars, bearing date October 25, 1889, and due two years from date, bearing 10 per cent interest per annum from date. It being expressly understood that a vendor's lien is hereby retained on the land herein described to secure the prompt payment of the note above mentioned." Said deed was filed for record in Eastland County, Texas, October 25, 1893, and duly recorded in said county.

4. Letter from Thomas H. Snow to J. B. Watkins Land Mortgage Company, dated October 4, 1893, which letter among other things, contained the following: "Is it possible to get you to carry my loan one year longer? I have made every effort to raise the money and do not see how I can possibly do it; banks have shut down and we have had a drouth on us this year, and we have made but little. If you will do me the kindness to carry me one year longer you will do me a great favor. You wrote me that you would extend this three years longer, one year at a time. One more year would just make the five years. I can pay you the interest in advance, but I do not believe I could raise the principal. If you think you have not got security enough, I can give you all you want; can give you any kind of a note you ask;" which said letter was in writing and signed by the defendant, Thomas H. Snow.

5. The letters in writing from defendant, George Clayton, and signed by him, to the J. B. Watkins Land Mortgage Company, one dated September 1, 1894, in which, among other things, said Clayton wrote said company as follows: "I write you in reference to a certain $600 vendor's lien note held by yourselves against Thomas H. Snow, formerly of Eastland County. I wish to know if you would extend this note another year by the interest being paid in advance? You will very much oblige me by so doing." The other of said letters, dated October 24, 1894, among other things, contained the following: "Inclosed find $11 to pay interest on T. H. Snow's note of January 1st."

Defendants introduced file mark on plaintiff's original petition, as follows: "Filed 1st day Sep't., A. D. 1897."

Plaintiff's first amended original petition bears the following file mark: "Filed 25th day of Oct., A. D. 1897."

*Conclusions of Fact.*—We conclude from the foregoing evidence:

1. On October 25, 1889, Thomas H. Snow executed his promissory note for $600, due October 25, 1891, bearing 10 per cent per annum interest from date, payable to J. J. Robinson, at the office of the J. B. Watkins Land Mortgage Company, Dallas, Texas. That this note was executed in part payment for the land described in the petition, and conveyed by J. J. Robinson to Thomas H. Snow by his deed of that date, said deed expressly retaining a vendor's lien upon the land to secure the payment of the note; said note on the same day became the property of the appellee.

2. On October 23, 1893, Thomas H. Snow conveyed this land to George Clayton for the consideration of $1400, of which $800 was paid in cash,

and for the balance said Clayton assumed the payment of the $600 note executed by Snow to Robinson; said deed retained a vendor's lien to secure the payment of said note.

3. That on October 4, 1893, Thomas H. Snow secured an extension of said note from the mortgage company for one year, and admitted the justness of the debt and promised to pay it.

4. That George Clayton admitted the justness of said $600 note in a letter to the mortgage company, dated September 1, 1894, and by his letter of October 24, 1894, and promised to pay the same. The debt was not barred by the statute of limitation at the time appellee filed its amended petition on October 25, 1897, setting up the written acknowledgments of said debt.

*Opinion.*—It is contended that the court erred in overruling appellants' exceptions to plaintiff's original petition, because said original petition declared upon a note which was shown by the petition to be barred by the statute of limitations of four years.

The original petition was filed September 1, 1897, and declared upon a note which upon its face was barred by the statute of limitations. The appellants filed exceptions and an answer October 4, 1897, setting up the statute of limitations. On October 25, 1897, plaintiff filed its first amended original petition, in which it set out the note and declared upon a writtten promise alleged to have been made by defendant admitting the justness of the debt and promising to pay it. October 26, 1897, the court overruled the defendants' exceptions to plaintiff's original petition. This ruling, if error, is not a ground for reversing the judgment.

The same exceptions were presented to plaintiff's first amended original petition, and by the court overruled. This pleading was sufficient, and the court did not err in overruling the exceptions to the same.

Appellant George Clayton complains that the trial court erred in holding that the letter of Thomas H. Snow to the mortgage company, dated October 4, 1893, was a sufficient acknowledgment of the justness of the debt and a promise to pay the same.

Thomas H. Snow did not appeal, and is not complaining of the judgment against him. We do not think Appellant Clayton can raise this objection to the judgment. But, should we be mistaken in this, then we hold that the letter was an acknowledgment of the justness of the debt, and clearly evidenced an intention to pay the same. Upon the faith of this letter Snow secured one year's extension of the note, and four years did not elapse between the expiration of this extension and the date of filing of plaintiff's first amended original petition.

Appellant Clayton contends that the two letters written by him to the mortgage company were not sufficient to remove the bar of the statute of limitations.

The note is for $600, and is dated October 25, 1889, and became due October 25, 1891, bears 10 per cent per annum interest from its date, and is signed by Thomas H. Snow. It was executed in part payment of land

described in the petition, said land being conveyed by J. J. Robinson to Thomas H. Snow the same day the note was executed. The deed retains an express lien upon the land to secure the note. On October 23, 1893, Snow conveyed the land to George Clayton for $800 cash and one promissory note for $600, bearing date October 25, 1889, due in two years from date, bearing 10 per cent per annum interest from date. This deed reserved an express lien to secure the payment of said note. It will be seen that the note described in this deed to Clayton exactly corresponds with the note described in the deed from Robinson to Snow, and set out by plaintiff.

The petition alleged that the defendant, George Clayton, expressly assumed the payment of the note sued on in the deed to him from Snow. The letter of George Clayton to the mortgage company, dated September 1, 1894, describes this note, and requests an extension of it. On October 24, 1894, Clayton paid the mortgage company the interest upon the note, sending it in a letter of that date. Under these facts, the court did not err in holding that appellant George Clayton assumed the payment of the note sued on.

Clayton's letter of September 1, 1894, made reference to the note, and requested an extension of the same for another year, and as an inducement for such extension he expressed a willingness to pay the interest in advance. On October 24, 1894, he wrote the company a second letter, in which he sent the interest on the note up to January 1st. These letters were a sufficient acknowledgment of the debt to remove it from the bar of the statute. Howard v. Windom, 86 Texas, 566.

Plaintiff's first amended original petition having been filed within four years from the date of these letters, the court did not err in holding that the debt was not barred by the statute of limitations.

The appellant, Esther Clayton, has appealed, and assigns error that the petition did not contain any allegation authorizing a judgment against her. Appellees admit that this assignment is well taken.

The judgment as to Esther Clayton is reversed, and the cause as to her is dismissed. In all other respects the judgment of the court below is affirmed.

*Affirmed.*