### H. F. Martin v. Somervell County.

#### Decided May 27, 1899.

1. **Limitations—Written Acknowledgment of Debt—Signature.**

It is sufficient, under the statute which requires a written acknowledgment, signed by the party, in order to preserve a debt from the bar of limitations, that such a written acknowledgment was indorsed on the note for the maker, and, he being an illiterate man, was signed for him by another, in his presence and at his request, it not appearing that any fraud, imposition, or duress was practiced. Rev. Stats., art. 3370.

2. **Same—Parol Evidence Supplying Omission.**

In a case where the time was omitted from the written acknowledgment extending a debt, a finding by the jury that the maker of a note to a county accepted the proposition of the county to extend it for one year, is justified by the testimony of the county judge that he offered to extend the note for one or five years, that the maker said "All right," and that he, the witness, supposed the extension was for one year, it further appearing that the note was extended, and that there was no plea in abatement setting up a five years extension.

3. **Same—County Judge Extending Debt.**

The maker of a note to a county can not, to avoid liability under his plea of limitation, assert that the action of the county judge in extending the note was unauthorized, where he acted upon and received the benefits of the extension, and the authority of such judge to extend the debt was in no way questioned in the trial below.

4. **Juror—Disqualification—Suit by County.**

A citizen and taxpayer of a county is not disqualified by interest to act as a juror in an action by the county on a note due it for school purposes.

Error from Somervell. Tried below before Hon. J. S. Straughan.

*Lee Riddle* and *Tarlton & Ayres,* for plaintiff in error.

*E. P. Lea* and *Ramsey, Brown & Odell,* for defendant in error.

Conner, Chief Justice.—This suit was instituted by defendant in error in the District Court of Somervell County on the 31st day of March, 1897, upon a certain note for $500, with its interest, and to foreclose a mortgage on certain real estate. The note sued on was executed on the 3d day of March, 1884, payable five years after date, with interest at the rate of 10 per cent per annum, payable annually. The defendant, among other things, pleaded the four years statute of limitation.

Briefly stated, the evidence, among other things, tended to show that on December 2, 1892, J. J. Matthews, then county judge of Somervell County, being thereunto authorized and directed by plaintiff in error, who could neither read nor write, made the following indorsement upon said $500 note, to wit: "I acknowledge the justness of this note, the same being due and unpaid, and I promise to pay the same, this December 2, 1892. (Signed) H. F. Martin."

Though denied by Martin, the evidence further tended to show that at the time this indorsement was made, and as a consideration therefor, it was agreed that said note should be extended for at least one year, and

that the fact of such extension, as alleged by defendant in error, was not included in the terms of the indorsement before stated through accident or inadvertence. It was also alleged and shown that plaintiff in error regularly paid the installments of interest annually as provided in the note sued on, up to and including the installment of $50 due on March 3, 1893; and that on March 25, 1895, plaintiff in error executed his note for $100 for the interest that was payable on March 3, 1894, and March 3, 1895, and that he paid this note on its maturity thirty days after its date.

There was a jury trial, and verdict and judgment in favor of defendant in error. Hence this appeal.

The principal question raised by the assignments of error is whether, as pleaded by defendant, the note sued on was barred by the four years statute of limitation. The verdict of the jury, in legal effect, was an affirmation of every fact the evidence reasonably tended to show, and so accepting it we do not think the note sued on was barred, as contended by plaintiff in error.

It is well settled that an unqualified acknowledgment of an existing debt, unaccompanied by an expression of unwillingness to pay, implies a promise to pay the debt so acknowledged. See Howard v. Windom, 86 Texas, 560; Clayton v. Watkins, 19 Texas Civ. App., 133.

If, then, it be true, as duly submitted to and in effect found by the jury in this case, that the written acknowledgment declared upon and hereinbefore set out was duly executed by plaintiff in error, and it be further true that at the time of said indorsement, and as consideration therefor, as the proof tended to show, it was agreed that the time of payment should be extended for at least one year, then the cause of action in behalf of defendant in error was not barred until in December after the institution of this suit in March, 1897.

It is suggested in argument that the proof herein showed that said acknowledgment was not signed by plaintiff in error as required by our statute on the subject. Rev. Stats., art. 3370.

We find no assignment of error that raises this question. The county judge testified that plaintiff in error directed him to sign his name, and that the agreemnt with him to extend the note for one year or more was made at the time he made the indorsement in question. If so, this evidence tended to show that plaintiff in error was personally present and so directing at the very time his name was signed thereto. Under such circumstances, and in the absence of evidence tending to show fraud, imposition, or duress, we feel unwilling to hold that the signing by J. J. Matthews was not a signing by plaintiff in error, within the meaning of the statute mentioned, whatever might be the rule if he had signed it in Martin's absence.

The fourth to the seventh assignments, inclusive, question the sufficiency of the evidence to establish the fact of one year's extension as submitted to the jury. The ground of such alleged insufficiency, as we construe said assignments and the proposition thereunder, with the motion

for new trial, being to the effect that the evidence failed to show any fixed and definite time proposed by the county judge and accepted by Martin.

The county judge testified on this point as follows: "I stated to him (plaintiff in error) that his note to the county for $500, being the note sued on in his cause, was about to go out of date, and told him that something would have to be done to keep it from becoming barred by limitations. I asked him if he wanted to pay it off, or wanted further time on it. He said he could not pay it then, and wanted further time, and asked me how much more time he could get. I told him that the court would give him plenty of time; that he could have from one to five years; that they would give him an extension of one year, or as much as five years, if he wanted it. He said he could not pay it then, and would like to have an extension of time. I told him that he would have to acknowledge in writing the justness of the debt, and promise to pay it, and that if he would do that he could have an extension of time for one year, or for as much as five years, if he wanted it, in which to pay his note. He said all right, that he would do that, and told me to write the statement on the note that he acknowledged its justness and his promise to pay the same, and to sign his name on it for him. I did write the statement on the note just as it appears there now. * * * The agreement to extend the time for the payment of this note was made at the same time the indorsement was made on the note. The time of extension, I supposed, was one year. I had told him (defendant) that he could have an extension of one year or five years. The fact of the extension of the time of payment of the note was left out of the indorsement made on the note by mistake or oversight, I suppose. It should have been embraced in the indorsement." On cross-examination he testified: "There was no agreement as to the exact time of extension, but it was understood that he could have one year or five years. I told him that the court would extend the time for him one year or five years."

We think this evidence, when construed in the light of the other evidence, authorized the submission of the issue, and is sufficient to support the finding of the jury. If this testimony is credited, it tended to show that Martin requested an extension; that it was then agreed that he should have an extension "for one year," or for five years, "if he wanted it." The parties seemed to have acted upon it. The written acknowledgment was made, Martin thereafter executing his note for and paying the interest thereon, receiving the benefit of the extension, etc. It does not appear that Martin desired or requested the longer period named. There was no plea in abatement setting up a five years extension, and under such circumstances we think the facts should be construed as an acceptance by plaintiff in error of the proposition to extend the note for at least one year.

It is also suggested in argument that such agreement was invalid, because not shown to have been made by the commissioners court or by authority thereof. As to this it would perhaps be sufficient to say that

the verdict of the jury was not attacked on that ground, either by the motion for new trial or in the assignments of error. Nor do we find in the record any objection to the evidence on the ground that the county judge was not authorized to make such agreement. In such state of the record, we think we are authorized in assuming the existence of the facts necessary to support the verdict and judgment. As before stated, the agreement appears to have been acted upon by all parties. No objection at any time appears to have been urged by the commissioners court, and the circumstances are such as to perhaps authorize the inference of a ratification of the acts of the county judge, if without authority in the first instance. A logical inference from the testimony is that plaintiff in error consented to the indorsement of renewal, with an insertion of a fixed period of extension omitted by mistake, and that he accepted such agreement as the act of Somervell County and received the benefit thereof. Under such circumstances, we do not think he should be now heard to say that the agent acted without authority.

It appears that on the trial below plaintiff in error challenged all the jurors who tried the cause, on the ground that "they were citizens and taxpayers in and beneficiaries and patrons of the public free schools of Texas and Somervell County, and were therefore indirectly interested in the subject matter of the suit." It is vigorously asserted that the court erred in overruling said objection, and in permitting such jurors to try the cause.

We do not think this proposition demands extended discussion. It is true that our Constitution and statutes disqualify as jurors those who may be directly or indirectly interested in the result of a suit; but the interest that disqualifies should not be a remote, contingent possibility that the result may affect the pecuniary interest of the juror.

In Tennessee it is held that the mere fact that a juror is a resident and pays taxes does not disqualify him on the ground of interest in a suit against a city for damages. Mayor v. Jackson, 19 S. W. Rep., 324. To the same effect is the case of Railway v. Bishop, 34 Southwestern Reporter, 323, decided by one of our own Courts of Civil Appeals.

We have a similar provision disqualifying judges, but in a case certified to our Supreme Court it was held that a judge of a Court of Civil Appeals is not disqualified on the ground of interest in an action against a city for damages, because of the fact that he is a taxpayer in such city. The court, speaking by Chief Justice Gaines, after reviewing the cases of conflicting tendencies, says: "But we think the doctrine that being a mere taxpayer of a city does not make a disqualification is supported by the sounder reason. * * * The interest meant is a pecuniary interest; that is, such an interest as is capable of being valued by a pecuniary standard. The slightest interest is sufficient, provided it be immediate, and not remote and contingent."

The court, in arguing the question before it, distinguishes the Nalle case, 85 Texas, 520, and uses the following language: "Yet that tax-

payers in the State are qualified to sit as judges and jurors in all State cases can not be questioned. So, also, as far as we know, it has never been questioned in this State that the taxpayers in a county are competent jurors in all cases, civil and criminal, in which the fines and penalties recovered go to the use of the county. * * * The principle is that the interest—if such it may be called—is so indirect, remote and contingent as not to conflict with the fundamental doctrine * .* * that a man can not be a judge in his own case." City of Dallas v. Peacock, 89 Texas, 58.

We think the principle thus promulgated a sound one, and its application in this case leads us to overrule the assignment of error raising this question.

The action of the court below in permitting the introduction of the $100 note hereinbefore mentioned, over the objection of plaintiff in error, is also questioned by assignment of error. The ground of objection urged was that said note "was irrelevant, immaterial, and did not tend to support in any way plaintiff's contention as to revival of the barred note, and was not such a written instrument as the law requires to revive a barred note, and only tended to confuse and prejudice the jury."

The parol testimony that this note for $100 was given for the interest that had matured on the $500 note sued on is uncontroverted, and was received without objection. Indeed, it is in effect so admitted by plaintiff in error, both here and in the court below, though not so shown on the face of the note. Hence we do not feel called upon to decide the question as to the admissibility of such explanatory evidence, though that such evidence is admissible has been expressly decided. Ilsley v. Jewett, 2 Metc., 168. See also 1 Wood on Lim., 2 ed., sec. 98, p. 277.

Hence the question presented is, whether the admission of said note, under the circumstances, was error prejudicial to the plaintiff in error. By the common law, and so far as we have examined the authorities, in all those States having statutes substantially the same as what is generally designated as Lord Tenterden's Act, a part payment of the debt, when evidenced by writing signed by the party to be charged, generally constitutes such acknowledgment as that a promise to pay the barred debt will be implied. 1 Wood on Lim., 2 ed., secs. 82, et seq.; 2 Greenl. on Ev., 15 ed., sec. 444.

Our statute, however, is to be distinguished from the Lord Tenterden Act, among other things, in that the proviso thereof, "that nothing herein contained shall alter or take away or lessen the effect of any payment of any principal or interest made by any person whatsoever," is entirely omitted. Upon this distinction the Iowa courts have held that part payment of a debt will not take it out of the statute. Parsons v. Carey, 28 Iowa, 433; Hale v. Wilson, 70 Iowa, 313. But these cases, together with a Mississippi case therein cited, were cases of mere part payment. And in our own State it has been held that such payments

do not constitute the "acknowledgment" contemplated by our statute. Mensebach v. Half & Bro., 77 Texas, 185.

It will be noted, however, that in the case before us the fact of the payment of said interest note is not involved, but the effect to be given to the fact that plaintiff in error executed such note. Such fact in New York and in Massachusetts has been held to constitute such acknowledgment as will take the debt out of the operation of the statute of limitations. Wenman v. Insurance Co., 13 Wend., 266; Sigourney v. Wetherald, 6 Metc., 553.

It may be said that these decisions arise under statutes containing the substance of the proviso noted of the Lord Tenterden Act, but to the same effect was it held by the Supreme Court of Idaho under a statute very similar to ours. Kelley v. Leachman, 33 Pac. Rep., 44. And in the case of Clayton v. Watkins, 19 Texas Civil Appeals, 133, it was held by our Court of Civil Appeals for the Fifth district that a letter requesting an extension of a note described, together with a payment of interest thereon inclosed in a subsequent letter, was "sufficient acknowledgment of the debt to remove it from the bar of the statute."

By the assignment in question we are not called upon to decide whether the execution of the $100 interest note constituted a new promise sufficient to support the action of defendant in error, for the court below did not submit this issue to the jury, and the verdict and judgment are predicated alone upon the issue and finding of indorsed acknowledgment and extension hereinbefore treated. If the execution of such note is sufficient, as decided by the Idaho court, then there could be no question as to its admissibility in evidence; but independent of this question, while not free from difficulty, we have reached the conclusion that the execution of said note, under the circumstances, was properly admitted, as tending to support the issue submitted.

Plaintiff in error denied the execution of said indorsement and the fact of extension. Had there in fact been no such acknowledgment or extension, then the $500 note was barred by the statute of limitations before the execution of the interest note. The question might well be asked why plaintiff in error should execute a promissory note for two years' interest maturing after the time the debt was barred, unless he at the time recognized the original obligation as just and binding. We think such act means more than the mere part payment of an original debt, for this is not inconsistent with the further fact that the debtor had receipts or offsets as to the remainder; but where he pays or promises to pay that which accrues by virtue alone of the existence of the debt, it seems something more might well be implied. The note here executed was for two years' interest, in the sum of $100, exactly the sum that would accrue for the period named upon a note in the sum and bearing the rate of interest of the note upon which suit was instituted. We think this at least was relevant, and tended to show that plaintiff in error then recognized the existence and validity of the indorsement in issue, if, indeed, not sufficient to remove the bar of limitation. So be-

lieving, the assignment of error calling in question this action of the court below is overruled.

There remaining no other assignments undisposed of, the judgment of the District Court of Somervell County herein is in all things affirmed.

*Affirmed.*

Writ of error refused.