**POWER et ux. v. WESTHOFF. (No. 9090.)**

Court of Civil Appeals of Texas. Galveston.
Feb. 21, 1928.

Rehearing Denied March 29, 1928.

1. **Limitation of actions** ⬥═146(3)—**Debtor's
letter held sufficient renewal to support ac-
tion on notes and to foreclose lien, though not
acknowledged and recorded (Vernon's Sayles'
Ann. Civ. St. 1914, art. 5695).**

Where defendant, indebted to plaintiff on
notes secured by lien on land purchased, had
his wife write a letter to plaintiff, which letter
stated promise to pay, *held* that, though statute
of limitations had run on debt, the letter was
sufficient renewal to support an action on the
notes and also to foreclose the lien, though
there was no acknowledged and recorded agree-
ment in statutory form as prescribed by Ver-
non's Sayles' Ann. Civ. St. 1914, art. 5695.

2. **Limitation of actions** ⬥═148(2)—**Letter
written to note holder by maker's wife, on
maker's request, acknowledging debt, held to
imply maker's promise to pay so as to renew
obligation.**

In suit on note, wherein defense was that
suit was barred by statute of limitations, let-
ter written to note holder by maker's wife, on
maker's request to wife to answer letter of
holder, in which letter the writer acknowledged
the debt, *held* to imply maker's promise to pay
sufficient to renew the obligation; letter being
written by agent.

3. **Limitation of actions** ⬥═148(2)—**Unqualified
acknowledgment of existing debt implies
promise to pay.**

The unqualified acknowledgment of an ex-
isting debt, unaccompanied by an expression of
unwillingness to pay, implies a promise to pay
the debt so acknowledged.

4. **Limitation of actions** ⬥═141—**Statute rela-
tive to procedure required to extend lien held
not applicable to renewals of liens as between
original parties (Vernon's Sayles' Ann. Civ.
St. 1914, art. 5695).**

Vernon's Sayles' Ann. Civ. St. 1914, art.
5695, relative to acknowledging and recording
agreement extending date of maturity of cer-
tain debts in order to extend a land lien in
connection therewith, *held* not applicable to re-
newals of liens as between the original parties.

5. **Limitation of actions** ⬥═145(5)—**Obligation
barred by statute constitutes sufficient con-
sideration for renewal thereof, where not
subject to statutory provision relative to ac-
knowledging and recording (Vernon's Sayles'
Ann. Civ. St. 1914, art. 5695).**

In cases not subject to the provisions of
Vernon's Sayles' Ann. Civ. St. 1914, art. 5695,

---

⬥═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

relative to acknowledging and recording an agreement extending date of maturity in order to extend land liens in connection therewith, an obligation, though barred by the statute of limitation, constitutes sufficient consideration for a renewal thereof at any time by person who contracted the debt.

**6. Limitation of actions ⬤⇒164—Lien given to secure debt being incident of debt, renewal of debt renews lien, if not within statute relative to acknowledging and recording extension agreements (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695).**

Since a lien given to secure a debt is but an incident of the debt secured, a renewal of the debt renews and keeps in force the lien in cases that are not subject to the provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 5695, relative to acknowledging and recording agreements extending the date of maturity in order to extend liens.

**7. Homestead ⬤⇒212—In suits involving title or lien on community property impressed with homestead character, whether wife is necessary party depends on whether plea of homestead would be defense.**

In suits involving title to or lien on community property impressed with homestead character, question of whether wife is a necessary party to the action by virtue of her homestead interest alone depends on whether the plea of homestead would in itself be a defense to the suit.

**8. Homestead ⬤⇒217—Judgment against husband in suit involving lien on homestead property held binding on wife as to homestead interest, where suit involved title by which homestead property was acquired.**

In suit on note and to foreclose lien on homestead property, which suit involved the title by which the homestead property was acquired and for which lien was imposed, judgment against husband *held* binding on wife as to her homestead interest.

Appeal from District Court, Jackson County; John M. Green, Judge.

Suit by Frances Westhoff against Frank Power and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Fly & Ragsdale, of Victoria, for appellants.
Proctor, Vandenberge, Crain & Mitchell, of Victoria, and Jno. T. Vance, of Edna, for appellee.

LANE, J. This suit was brought by Miss Frances Westhoff against Frank Power and his wife, Ellen, on the 9th day of February, 1927, to recover upon a certain promissory note for the sum of $2,000, executed by Frank Power on August 31, 1918, in part payment for a certain lot in the town of Edna, Tex., which is fully described in the plaintiff's petition, for a foreclosure of the vendor's lien retained to secure payment of said note, and

for attorney's fees. Said note being due and payable on the 31st day of August, 1920.

The plaintiff alleged:

That defendant Frank Power paid the interest due on the note to the 31st day of August, 1920, and on said date secured from the owner and holder thereof an extension of the same to the 30th day of March, 1921, the same being in writing upon the note. That Frank Power paid the interest due on the note to April 12, 1921, and the owner of the note, by a duly executed instrument in writing, extended the maturity date thereof and the vendor's lien to April 12, 1922, which said instrument provided that the note should bear interest from the 12th day of April, 1921, at the rate of 10 per cent. per annum. That on November 3, 1925, Frank Power, to procure indulgence on the part of plaintiff, agreed to pay the indebtedness to plaintiff in monthly installments of $50 each month until the whole indebtedness was paid. That, in pursuance of said agreement, he paid $50 on said indebtedness on each of the following dates:

November 3, 1925, by cash ................. $50 00
December 5, 1925, by cash .................. 50 00
March 2, 1926, by cash ..................... 50 00
March 30, 1926, by cash (Ed Argo for mules).. 50 00
June 3, 1926, by cash ...................... 50 00

That, as Power had not promptly paid said installments as he had agreed to do, plaintiff, on July 10, 1926, wrote a letter to him calling his attention to his failure to promptly pay the $50 monthly, to which letter the defendant Frank Power replied as follows:

"Edna, Texas, July 16, 1926.

"Miss Frances Westhoff, San Antonio, Texas—Dear Miss Westhoff: Your letter received. I am sorry indeed that I cannot pay you the $50.00 every month as I promised but will do so just as often as possible.

"I am working day and night, but business is dull, and it is hard to make ends meet. I hope to be able to pay you the $50.00 about the first of August.

"Thanking you for past favors and trusting you will still be lenient with me, I am,

"Yours very truly,
"[Signed] Frank Power."

On August 3, 1926, he paid $50 on the note. Ellen Power was made a party defendant as she was asserting some kind of interest in the lot.

The defendants answered by general demurrer, by general denial, and by specially excepting to plaintiff's petition, first, upon the grounds that it appeared on the face thereof that more than four years had elapsed from the time the note had become due and the time the suit was filed, and therefore the plaintiff's cause of action was barred by the four-year statute of limitation; and, second, that it appears from said petition that more

than four years had elapsed from April 12, 1922, the last maturity date as fixed by the extension agreement and the filing of the plaintiff's suit.

Frank Power denied writing the letter of date July 16, 1922, and by verified plea alleged that the same was not his act or deed, and that he was not bound thereby.

Defendants further alleged that the lot upon which the plaintiff was asserting a lien constituted the homestead of their family at all times since they purchased the same in 1918; that defendant Ellen Power was never at any time a contracting party with the owner of the note and lien. They then alleged that, since the last agreement extended the date of maturity of the note to April 12, 1922, the note was barred by the statute of limitation of four years on the 12th day of April, 1926, and that defendant Ellen Power acquired a superior interest in said homestead property to any interest the plaintiff might claim thereto. They alleged that the letter of date July 16, 1926, did not create or preserve a lien on said property as against the defendant Ellen Power, and was ineffectual for the purpose of affecting subsequent acquired rights of plaintiff, since the note was barred by the statute of limitation of four years on the 12th day of April, 1926.

The cause was tried before the court without a jury. All demurrers and exceptions were overruled, and judgment was rendered for the plaintiff for the sum found to be due on the note, and for $296.61 as attorney's fees, and for a foreclosure of her vendor's lien on the property. From such judgment the defendants have appealed.

That the note was executed in part payment for the lot involved in the suit, and that the vendor's lien was reserved to secure the payment of the note; that plaintiff was the legal owner and holder of the same, together with said lien; that the maturity date of the note was, in manner and form as required by law, extended for a valuable consideration to the 12th day of April, 1922—is undisputed. It is also undisputed:

That appellant Frank Power, after the aforesaid extension was made, and after appellee had demanded of him payment of the note in November, 1925, to avoid foreclosure of the vendor's lien, told plaintiff that he could not pay all of the note at once, but that he would pay $50 thereon each month until the note was fully paid. That plaintiff, relying upon such promise, forebore the enforcement of full payment of the note at one time. That, in pursuance of such promise, appellant Frank Power paid to plaintiff, to be credited upon the note, $50 on each of the following dates:

November 3, 1925, by cash........................ $50 00
December 5, 1925, by cash........................ 50 00
March 2, 1926, by cash........................... 50 00
March 30, 1926, by cash (Ed Argo for mules).; 50 00
June 3, 1926, by cash............................ 50 00

That on the 10th day of July, 1926, plaintiff wrote appellant Frank Power the following letter:

"San Antonio, Texas, July 10, 1926,

"Mr. Frank Power, Edna, Texas—Dear Sir: You agreed to make a payment of $50.00 on your note on the first of each month, but have failed to do so more than half the time. As this note is so long past due, I cannot extend it any longer unless you pay at least $50.00 per month, as you agreed to do.

"Please make your payments more promptly.

"Yours very truly,

"[Signed]    Frances Westhoff."

That said Power received said letter, and, after reading same, handed it to his wife, Ellen Power, and requested her to answer it. That, in compliance with such request, Ellen Power wrote the letter, a copy of which has already been set out above, which contains the following sentence:

"Your letter received. I am sorry indeed that I cannot pay you the $50.00 every month as I promised, but will do so just as often as possible."

That, after such letter was written, to wit, on the 3d day of August, 1926, Frank Power paid to appellee as a credit on the note $50.

It is also undisputed that, from the time appellants purchased the lot involved in the suit, it constituted their homestead, subject only to the vendor's lien asserted by appellee.

The plaintiff's suit was brought on the 9th day of February, 1927, less than one year after the letter of date July 16, 1926, was written to and received by appellee.

Appellants contend that the court erred in not sustaining their pleas of limitation and in foreclosing the vendor's lien asserted by appellee, because the maturity date of the note as fixed by the last extension agreement was April 12, 1922, and the note was barred by the four-year statute of limitation, pleaded by appellants, on the 12th day of April, 1926, long before appellee's suit was brought, and the letter of date July 16, 1926, was not a renewal of the promise to pay the note on the part of Frank Power, because the letter was not written by him, was not his act and deed, and therefore he was not bound thereby, and because the letter contained no promise to pay the note, that if it be conceded that the writing of the letter was chargeable to Frank Power, and that it amounted to a renewal of the promise to pay the same on his part, such renewal and promise would not affect the homestead interest of the wife, Ellen Power, in the property, as the four-year statute of limitation, pleaded by the appellants, barred the right of appellee to a foreclosure of her vendor's lien before said letter was written, and under such circumstances Frank Power had no authority to in any manner renew the lien on the homestead.

[1] We do not think that any of these contentions should be sustained. The suit is one involving controversies between the original parties, and, no intervening rights of third persons having accrued, the new promise evidenced by the letter of date July 16, 1926, which is an acknowledgment of the existence and justness of the indebtedness, accompanied by an expressed willingness to pay the same, supports appellee's action, and it is immaterial that such promise was not evidenced by an extension contract acknowledged and recorded as required by article 5695, Complete Tex. St. 1920 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695). Amonette v. Taylor (Tex. Civ. App.) 244 S. W. 238; Sewell v. Wilcox (Tex. Civ. App.) 290 S. W. 264; Bellamy v. Mortgage Co. (Tex. Com. App.) 278 S. W. 180; Templeman v. Kempner (Tex. Civ. App.) 223 S. W. 293; Watson v. Bank (Tex. Com. App.) 285 S. W. 1050.

[2, 3] The letter of renewal is the letter of Frank Power. It was written by his wife, Ellen Power, at his request, and was a reply to a letter from appellee making demand upon Power for the payment of the same indebtedness referred to in the reply letter. It was not necessary that the letter should have contained an express promise to pay a debt to make it a renewal of the same under our statutes. An unqualified acknowledgment of an existing debt implies a promise to pay it. It is well settled, says Judge Connor, speaking for the Fort Worth court in Martin v. Somervell, 21 Tex. Civ. App. 308, 52 S. W. 557:

"That an unqualified acknowledgment of an existing debt, unaccompanied by an expression of unwillingness to pay, implies a promise to pay the debt so acknowledged. Howard v. Windom, 86 Tex. 560, 26 S. W. 483; Clayton v. Watkins [19 Tex. Civ. App. 133] 47 S. W. 810."

See, also, Webber v. Cochrane, 4 Tex. 34, at page 37; Gray v. Powell (Tex. Civ. App.) 282 S. W. 632; Emerson v. Hickman (Tex. Civ. App.) 198 S. W. 412.

[4] What we have said brings us to a consideration of the further contention of appellants that, if it be conceded that the letter of July 16, 1926, was the act and deed of Frank Power, done with the knowledge and concurrence of his wife, Ellen, and that such letter was in effect a legal renewal of the original obligation so far as Frank Power was concerned, it could not affect the homestead interest of the wife, because the vendor's lien asserted by appellee was, at the time said letter was written by Power and received by appellee, barred by the four-year statute of limitation, and Frank Power had no authority or power to renew the obligation so as to create a lien on the homestead of the wife. We cannot sustain such contention. We think it evident that the Legislature never intended, by the enactment of article 5695, Complete Tex. St. 1920 (Vernon's Ann. Civ.

St. 1914, art. 5695), to make it apply to renewals of liens as between the original parties. Amonette v. Taylor (Tex. Civ. App.) 244 S. W. 238; Sewell v. Wilcox (Tex. Civ. App.) 290 S. W. 264; Bellamy v. Mortgage Co. (Tex. Com. App.) 278 S. W. 180; Watson v. Bank (Tex. Com. App.) 285 S. W. 1050.

In Amonette v. Taylor, supra, in which a writ of error was refused by the Supreme Court, it was said:

"There is nothing in the caption of the original act, nor in its language as now embraced in the cited articles of the statute, which would require the construction that it was the intention of the Legislature in the enactment of the law to declare void as between the parties any renewal of a lien on land which is not recorded in accordance with the provisions of the act. No public benefit could be subserved by such a law. If parties can create a valid lien on land without putting it of record, no possible reason suggests itself to our minds for denying them the right to extend or renew a lien in the same way. We think the obvious purpose and intent of the statute was to protect subsequent purchasers of the land from unrecorded renewals or extension of liens, and not to unnecessarily hinder parties in their right to make contracts."

[5, 6] The courts have uniformly held, in cases not subject to the provisions of article 5695, supra, that an obligation, though barred by the statutes of limitation, constitutes sufficient consideration for a renewal thereof at any time by the person who contracted the debt, and that a lien given to secure the debt is but an incident to the debt secured, and that a renewal of the debt renews and keeps in force the lien. Russ v. Cunningham (Tex. Sup.) 16 S. W. 446; Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085; Stone v. Jackson (Tex. Civ. App.) 210 S. W. 953; Jackson v. Bradshaw, 24 Tex. Civ. App. 30, 57 S. W. 878; Bellamy v. Farm Mortgage Co. (Tex. Com. App.) 278 S. W. 180; Astin v. Martin (Tex. Civ. App.) 289 S. W. 442.

[7, 8] All the authorities cited, and many others, hold that, in suits involving the title to or lien upon community property impressed with the homestead character, the question of whether the wife is a necessary party to the action by virtue of her homestead interest alone depends upon whether the plea of homestead would in itself be a defense to the suit; that the homestead interest must necessarily attach to some title or interest in the property claimed as homestead, and will stand or fall as that title or interest stands or falls; that, where the question, as in the present case, is one of title by which the homestead property was acquired or concerning an asserted lien which if established would be superior to the homestead right, the wife is not a necessary party to the action, and a judgment against the husband, the obligor, is binding upon her homestead interest.

It is clear, we think, that the provisions of

article 5695, supra, have no application to the facts of the present case, and the rule above stated governs it.

For the reasons expressed the judgment is in all things affirmed.

Affirmed.