## SHACKELFORD v. NEILON.
### No. 1607.

Court of Civil Appeals of Texas. Eastland.

Dec. 18, 1936.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Cox & Hayden, of Abilene, for appellee.

LESLIE, Chief Justice.

Mrs. Maggie V. Neilon, a widow, instituted this suit against J. B. Shackelford, her brother, to recover $3,910 alleged to be due her by reason of a loan to him in 1925 of $4,000, and upon which he had made two payments, one of $50 and one of $40. The defendant pleaded payment of the entire debt, two and four year limitation, etc.

The trial before the court and jury resulted in a verdict upon which judgment was rendered for plaintiff. The defendant appeals.

When the defendant interposed the plea of limitation, the plaintiff, in order to avoid the operation of these statutes, filed her first amended original petition in which she alleged alternatively that the defendant executed to her a mortgage securing the debt and wrote her certain letters which evidenced new promises in writing to pay the indebtedness and save the same from the bar of limitation. The suit is predicated upon the new promises.

Shackelford's plea of payment was based upon the ground that on May 31, 1928, he deeded certain real estate to Mrs. Neilon, who is alleged to have accepted the conveyance in payment of the indebtedness. This she denied, contending the instrument, in form a deed, was a mortgage and itself a recognition of the debt suffi-

cient to save it from the bar of limitation. She further alleged that said letters, being within four years of the date of the execution of the deed, constituted sufficient acknowledgment, etc., of the original debt to create the new obligation. The issues arising out of the execution of the deed were submitted to the jury and the verdict sustained the contention of Mrs. Neilon to the effect that it was a mortgage. The appeal presents no question on that point, and it is well settled that a mortgage given to secure a barred debt removes the bar, or, rather, renews the debt. Stein v. Hamman, 118 Tex. 16, 6 S.W.(2d) 352, 9 S.W.(2d) 1104.

The letters written by the appellant to the appellee and relied upon to evidence the contract in suit are as follows:

"Brady 5/29/32
"Dear Maggie:

"Olin has fallen down on me flat—says he cannot pay Mr. Jones anything on what we owe—also says he cannot pay me anything on what he owes me. This being the case, looks like we will lose the filling station that I deeded an half interest to you. I hardly know what to do. Of course, if it was anybody but you, I would disclaim any liability, for the reason that I have deeded you the property to protect you, and that is the avenue for straight business dealings. Anyway, it is my desire to protect you to the extent you get your original amount of $4,000.00. If you prefer, I will see Mr. Jones and arrange to pay him, which will mean I am protecting you and Olin, or I will endeavor to pay you the $4,000.00 without interest —In doing this, I will at least lose eight or nine thousand dollars and that is as far as I can go to protect you. Everyone I know has taken heavy losses in lending money, but I will want to go as far as I can towards protecting you. Let me know which you prefer and if you had rather I pay the $4000 without interest, I will pay you some each month, if able, and will try and keep enough insurance to protect you.

"Yours,
"Burt."

"Fort Worth, Texas
"6/10/32
"Dear Maggie:

"Sorry but I cannot send you $200— the check for $50.00 enclosed herewith is all I have—I will pay you all I can each

month and if it is ever possible for me to make any collections on money owing me. I will be glad to pass it on, because I am just as anxious for you to get your money as you are. At the present time, I am carrying $20,000 insurance, but of course, don't know how long I can keep it up as it costs me $40 per month. I shall do the very best I can and that 'is all I can do.

"As ever,
"Burt."

It is the appellee's contention that the said letters, aided by the jury's findings, and coupled with the part payments, were sufficient to constitute the basis of a new unconditional obligation to pay the debt, and that she was therefore entitled to a judgment for $3,910, etc.

As authority for such conclusion or judgment the appellee cites Stein v. Hamman, 118 Tex. 16, 6 S.W.(2d) 352, 9 S.W.(2d) 1104; Cochran v. Coe Lumber Co. (Tex.Civ.App.) 82 S.W.(2d) 684; Power v. Westhoff (Tex.Civ.App.) 4 S.W. (2d) 274; Clayton v. Watkins, 19 Tex. Civ.App. 133, 47 S.W. 810; Martin v. Somervell County, 21 Tex.Civ.App. 308, 52 S.W. 556.

The process of reasoning by which the appellee reaches this conclusion is reflected by the following sentence taken from her brief: "Some of the early cases by the appellate courts seem to hold that in order to renew a debt which is already barred by limitation, there must be a new and unconditional written promise by the party sought to be charged; but the courts in more recent years have modified this requirement and now hold that all that is required is a showing that the party sought to be charged has acknowledged in writing the existence of the debt, and the law will imply an agreement on his part to pay the debt."

Passing over the first part of the quoted sentence, and conceding that under some circumstances the law will imply "an agreement" or promise to pay, we do not think the rule has any application in this case. Said letters no doubt acknowledge the present existence and justness of the debt, but these letters leave no room for implying a promise different from the one expressed therein. The promise to pay is expressed, but performance is predicated upon ability to pay. Witness the language of the first letter. After stating an alternative proposition concerning the debt, the final terms upon which payment thereof would be made are stated as follows: "Let me know which you prefer and if you had rather I pay the $4000 without interest I will pay you some each month, if able, and will try and keep enough insurance to protect you."

Whatever the status of the negotiations were when the letter of June 10, 1932, was written, it cannot be said that that letter aids the appellee in the establishment of an unconditional promise to pay the amount in suit. It is equally strong in the reflection of a conditional promise. In part it states: "I will pay you all I can each month and if it is ever possible for me to make any collections on money owed me I would be glad to pass it on, because I am just as anxious for you to get your money as you are. * * * I shall do the very best I can and that is all I can do."

■ The promise to pay is expressed and conditioned upon the promisor's ability to pay. In Perkins v. Sterne, 23 Tex. 561, 76 Am. Dec. 72, it is held that a debtor may revive the debt by declaring such to be his intention, but a conditional promise to pay a debt that is barred must be taken as it is made. In other words, the condition goes along with the promise. 10 Tex. Jur. p. 341, § 196 et seq.

The authorities above cited and relied upon by the appellee deal with cases wherein the writing signed expressly recognized the indebtedness but contained therein no language expressly conditioning performance upon ability, or the occurrence of any other event. In those cases the writing acknowledging the debt was unaccompanied by expressions indicating an unwillingness to pay the same, and payment was not burdened with the condition of ability, or upon the happening of some event.

The rule of law applicable in the instant case is succinctly stated in York v. Hughes (Tex.Com.App) 286 S.W. 165, 167, as follows: "In order to remove the bar of limitation from a barred indebtedness, there must be a new promise to pay same, evidenced by writing on the part of the debtor. The liability of the debtor, in such a case, depends, not upon the old obligation, but upon the new promise. This new promise need not be expressed in the writing, but may be implied from what is written. An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by ex-

pressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness. But if the acknowledgment of the existence of the indebtedness be qualified by an expressed promise to pay same conditionally, a promise different from the one so expressed will not be implied. In such a case the fulfillment of the named condition becomes a prerequisite to the debtor's liability on the new promise. Salinas v. Wright, 11 Tex. 572; McDonald v. Grey, 29 Tex. 80; Webber v. Cochrane, 4 Tex. 31; Smith v. Fly, 24 Tex. 345, 76 Am.Dec. 109; Mitchell v. Clay, 8 Tex. 443.; Coles v. Kelsey, 2 Tex. [541] 556, 47 Am. Dec. 661; Rowlett v. Lane, 43 Tex. 274; Howard v. Windom, 86 Tex. 560, 26 S.W. 483."

The decisions are uniformly to the same effect. Elsby v. Luna (Tex.Com.App.) 15 S.W.(2d) 604; Stein v. Hamman, supra; C. H. Hyer & Sons v. Morrow (Tex.Civ.App.) 16 S.W.(2d) 938; Sullivan v. Black, Sivalls & Bryson (Tex. Civ.App.) 41 S.W.(2d) 255.

In Lange v. Caruthers, 70 Tex. 718, 8 S.W. 604, 606, our Supreme Court, in disposing of a case involving the promise "I will, if I am ever able, pay you," held as follows: "The words, 'I will, if I am ever able, pay it' * * * constitute a conditional promise to pay it. To entitle plaintiff to recover, he was bound to *allege and prove* that defendant was or had been able to pay the account subsequent to the promise, and before suit." (Italics ours.)

In Salinas v. Wright, 11 Tex. 572, our Supreme Court said: "So, a promise to pay 'whenever my circumstances enable me to do so,' was held to give a right of action, when the defendant became of ability to pay. * * * But, to entitle the plaintiff to recover upon such a promise, the ability of the defendant must be shown. * * * Where the plaintiff relies on an acknowledgment of the indebtedness accompanied with an express promise to pay conditionally, the law will not imply a different promise from that which is expressed; for where the promise is express, there is no room for implication. And if the plaintiff relies on the acknowledgment as the ground of his action, he must take it with the qualification. * * * It was incumbent on him '[plaintiff] to *aver and prove* that the circumstances of the defendant would permit,

or enable him to pay it; in other words, that he had the ability to pay; for that is what we understand by the expression, 'so soon as circumstances will permit me.'" (Italics ours.)

It will be noted that the authorities hold that it is incumbent upon the plaintiff in such a case to "aver and prove" the existence of the condition upon the fulfillment of which the promise is made. To the same effect is Mitchell v. Clay, 8 Tex. 443; L. D. Powell Co. v. Lee (Tex.Civ. App.) 257 S.W. 308. See note, 94 A.L.R. 721. The annotation at that point says: "In a majority of the states in which the question has arisen, and in Canada, it is held that a promise to pay when the promisor 'is able' is not an absolute but a conditional promise to pay; and that therefore the promisee, in order that he may recover on such a promise, must allege and prove ability of the promisor to pay the debt."

This is the rule in Texas, and we do not understand that there is any discord in the authorities.

An examination of the plaintiff's pleadings in this case discloses that there are no allegations to the effect that the conditions specified in said letters had arisen or been fulfilled prior to the institution of the action herein. There are no pleadings that the obligation evidenced by the new contract had matured. Without such allegations the petition was "fatally defective." Salinas v. Wright, supra.

Pleadings without evidence, or evidence without pleadings, avail nothing. The plaintiff has a judgment without pleadings to support same as pointed out. Recovery cannot be permitted to stand where the foundation of the action has failed. Essentially the error under consideration is fundamental, but the insufficiency of the pleadings is amply pointed out by assignments. The terms of the letters relied upon conclusively establish the conditional nature of the new promise. They are set out in full in the plaintiff's pleadings and are made a part thereof. The judgment and the verdict evidenced recovery on an unconditional contract. The pleadings declare on a conditional one, and there is a fatal absence of any allegations with reference to the conditions imposed. Being thus unsupported by the necessary pleadings, the judgment of the trial court is reversed and the cause remanded.