## FATE v. HOLLAND.

### No. 3647.

Court of Civil Appeals of Texas. El Paso.

March 10, 1938.

Rehearing Denied March 31, 1938.

Mae M. Ament, of Alpine, and E. B. O'Quinn, of Marfa, for plaintiff in error.

C. E. Patterson and Frank O. Ray, both of Alpine, for defendant in error.

WALTHALL, Justice.

Mrs. M. L. Holland, a feme sole, brought this suit in the district court of Brewster county, Tex., against E. W. Fate and others to recover upon the following promissory note, and interest thereon, less the credits admitted, and to foreclose the liens expressed in said note, and in the agreement expressed in writing and attached to and made a part of the petition. The note reads as follows:

"1392.50 No. 1, Alpine, Texas, May 17, A. D. 1929.

"For value received, I, we or either of us, the undersigned, promise to pay to G. H. Storey the sum of one thousand and three hundred ninety two and 50/100 dollars, with interest from maturity of each installment, at the rate of 10 per cent per annum, both principal and interest payable at Alpine, Texas. The principal of this note is payable in 28 monthly installments, 27 installments of $50.00 each and the 28th installment in the sum of $42.50, the first installment being due and payable on or before the 17th day of July, 1929, and one installment to become due and payable on or before the 17th day of each succeeding month thereafter until the whole principal sum is paid; and all past due principal and interest shall bear interest from maturity of each installment at the rate of ten per cent per annum. This note is given in part payment for the construction of certain improvements upon that certain lot or parcel of land, situated in Pyote, Ward County, Texas, and being all of Block 4 in the Dooley and Kerr Addition to the City of Pyote, Ward County, Texas, this day contracted to be erected by G. H. Storey for E. W.

Fate, and to secure the payment thereof, an express contract and mechanics lien is given by said contract upon said lands and improvements. This is one of a series of three similar notes. It is understood and agreed that failure to pay this note or any one of this series of notes, or any installment as above promised or any interest hereon, when due, shall at the election of the holder of said note mature all of said notes, and they shall at once become due and payable and the mechanics lien shall become subject to foreclosure proceedings, as the holder may elect. And it is hereby specially agreed that if this note is placed in the hands of an attorney for collection, or if collected by suit, or through the probate court, or any other legal proceedings, the undersigned agree to pay ten per cent additional on the principal and interest then due hereon as attorneys fees.

"[Signed]    E. W. Fate
"Essie Bell Fate"

On the back of the note, the payee, G. H. Storey, indorsed, without recourse, and assigned the note to Mrs. Holland, together with the mechanic's lien and deed of trust on the property securing the note.

The interest payments made on the note reduce same to $1,200.32, the amount sued for.

Plaintiff, Mrs. Holland, alleged that E. W. Fate having failed to make further payments on the note, Clay Holland, her general agent and attorney in fact, addressed the following letter to Fate, to which letter Fate replied in writing as stated:

"January 18, 1936
"Mr. E. W. Fate,
"Jacksboro, Texas.
"Dear Mr. Fate:

"Having heard nothing from you I am asking you to send me a deed to the property that my mother holds a mortgage on and maybe I can get a few dollars out of it. I cannot carry it any longer without some kind of payment on it as the taxes will eat it up. Have you got it insured? Kindly let me hear from you at once.

"Hope you are getting along all O.K.
"With kindest regards, I am,
"Yours very truly,
"Clay Holland."

To the Clay Holland letter Fate replied:

"Gainesville, Texas, 2–13–'36.
"Mr. Clay Holland,
"Alpine, Texas.
"Dear Mr. Holland:

"In regard to the note I owe you I think I can arrange to take care of it in the next few months. I do not want to take that amount for the place as I think it is worth a lot more as conditions seem to be improving over there. Please try to be patient and it will work out. Thanking you, I am,
"Yours truly,
"E. W. Fate."

The trial court in the judgment properly disposed of all parties defendant not appealing under their several pleas, and of which no question is presented.

The trial court found that the note and the lien securing the note were barred under the statute of limitation, pleaded by Fate; that by the letter to Clay Holland, copied above, Fate unconditionally acknowledged the debt and thereby revived both the lien and debt, and that the same are now an outstanding, subsisting and valid obligation against defendant E. W. Fate.

The court further found that it was stipulated by Fate's counsel in open court that Clay Holland was duly authorized to and did represent his mother, Mrs. Holland, plaintiff herein, in the matters herein.

The case having been tried without a jury, the court, after hearing the evidence, rendered judgment in favor of plaintiff and against defendant Fate for the balance due on the note, interest, and attorney's fee, with foreclosure of the lien on the land described, from which Fate appeals by writ of error.

## Opinion.

Plaintiff in error filed many assignments of error and submits thereunder a number of propositions. We have considered them. We think it necessary to discuss only the sufficiency of the letter of plaintiff in error, copied above, as constituting an unqualified acknowledgment of an existing debt, unaccompanied by an expression of unwillingness to pay. Such a letter implies a promise to pay the debt so acknowledged. Howard v. Windom, 86 Tex. 560, 26 S.W. 483; Clayton v. Watkins, 19 Tex.Civ.App. 133, 47 S.W. 810; Martin v. Somervell County, 21 Tex.Civ.

App. 308, 52 S.W. 556, 557; Power v. Westhoff, Tex.Civ.App., 4 S.W.2d 274.

The letter is an unqualified acknowledgment of the debt, "In regard to the note I owe you"; no expression of unwillingness to pay, "I think I can arrange to take care of it."

A lien by which a debt is secured being incident to the debt, an extension of the debt operates, by implication, as an extension of the lien, unless the writing shows otherwise. Farmers' Life Ins. Co. v. Wolters, Tex.Com. App., 10 S.W.2d 698.

Propositions not discussed have been considered, and are overruled.

Finding no reversible error, the case is affirmed.