Smith v. Gans.

---

---

[**72**] Smith v. Gans and Wife.

*It seems* that a verdict which finds several distinct issues specially may be set aside as to some and sustained as to others.
Technical assignments of error will be disregarded where the facts disclosed by the record are sufficient to sustain the decree.
Proofs not sufficient to entitle a retired partner to relief against his liability for the debts of the partnership.

Error from Walker.

*Yoakum*, for plaintiff in error.

Lipscomb, J. The petition shows that plaintiff was doing business as co-partner of Gans, under the name of James H. Smith; that the firm was changed by Mrs. Gans, the wife, coming into it in the place of her husband; and the style of the firm, when so formed, was James H. Smith & Co.; that subsequently an agreement was entered into by which he was to relinquish all interest in the firm; that Mrs. Gans was to collect the money due to the firm, and pay the debts as they became due, and sell the stock on hand and appropriate proceeds to the payment of the debts of the firm; that on such debts being all paid, he, petitioner, was to have no further interest or control in the business and no claims against it. If the funds were not so applied, he reserved the privilege and right of taking possession again for the purpose of paying the debts. He alleges a violation of the agreement, and that the debts are not being so paid; and that he fears that Gans and wife will sell out everything, and remove to parts unknown, and leave him to pay the debts of the firm. He prays an injunction. The injunction was granted, and various

---

Smith v. Gans.

---

orders and interlocutory decrees were made; but finally the cause came to a hearing, on the evidence, on the following issues propounded for trial by the jury:

1st. Were F. R. Gans and J. H. Smith partners in merchandise?

2d. Were J. H. Smith and Fanny R. Gans partners in merchandise?

3d. What was due the firm on the 15th September, 1846?

4th. Was Fanny R. Gans collecting the outstanding claims due the establishment, and paying the debts thereof, according to the contract, at the time of the institution of the suit?

The jury found the first and second issues in the affirmative. On the third they found the amount due the firm on the 15th of September, 1846, was $1,400, including $350 due from the plaintiff, Smith. The fourth issue they found in the negative.

The finding on the last issue was set aside by the court, and a new trial thereon awarded on the motion of defendants' counsel. It is not stated on what ground the new trial was awarded on this issue; but it is presumable that it was on one or both of two grounds taken in the motion: that the verdict was contrary to the evidence; that it was contrary to the charge of the court. There was no exception taken to the charge of the court. It does not appear, therefore, what it was. At the next term of the court the parties waived a jury trial, and submitted the cause to the judge on the bill, answer, exhibits, and proof in the cause. The court, on such hearing, dissolved the injunction and dismissed the petition at the cost of the complainant; from which the plaintiff appealed.

The appellant has presented many exceptions to the decree of the court below; but it is not thought necessary to bestow on them any particular attention in detail, as it is believed that the facts disclosed by the record will abundantly furnish grounds to sustain the decree. The plaintiff, it will be seen, had no interest whatever in the firm and no part of the profits; and the sole ground of his petition was his fears [74] that the debts would not be paid, and that in that event he would be held personally responsible. The answer denies all grounds for such apprehension, and alleges that they are being paid as they fall due, and that none of them were much past due; that the creditors were perfectly satisfied with the preparations to make payment. The evidence on this subject is somewhat conflicting, but not more so than is very frequent in trials of an issue of fact, and does not so decidedly preponderate in favor of the plaintiff's allegations as to justify the setting aside the decree. The facts found by the jury show that the means were ample for paying all the debts. It appears from the plaintiff's showing that they did not amount to more than $600; and the jury say that the debts due the firm on the 15th September, 1846, amounted to $1,400; that a part of this amount, $350, was due to the firm from the plaintiff. This amount, taken from the amount of indebtedness, would leave only $250 loss that he could possibly have incurred, even had not a dollar of the debts due the firm been appropriated to the extinguishment of what it was owing; and, besides this, it was proved and admitted that there were about $400 worth of goods on hand. There was no proof to sustain the allegation that the defendants had made a pretended sale of the goods on hand and were about to leave the country for parts unknown; and the charge was most unequivocally denied. Under such circumstances, it might well be concluded that his fears of being made liable for the debts were wholly groundless; and if so, the decree dismissing the bill was certainly correct.

Judgment affirmed.