### J. M. ALDRETE AND ANOTHER v. DEMITT'S HEIRS.

1—Unless a subsequent promise contain an acknowledgment of the debt, as a subsisting debt, and contain a promise to pay it, the bar of the statute of limitations will not be affected by it.

2—A written undertaking to pay a demand at a future time, unless the promissor shall in the meantime be able to find and produce a receipt against it, which receipt he claims to have been given on a payment formerly made of the demand, does not remove the bar of the statute of limitations.

3—See the opinion of the court for a written instrument relied on to remove

the bar of the statute, but which is *held* to be insufficient for the purpose,. inasmuch as it is in the nature of a wager that the party making it will produce a receipt against the demand.

4—The case of Coles v. Kelsey, 2 Texas, 555, referred to as laying down the correct rule respecting subsequent promises, relied on to countervail the statute of limitations.

ERROR from Victoria.    Tried below before the Hon. Fielding Jones.

The opinion of the court discloses the facts.

*Pryor Lea*, for the plaintiffs in error.

*Glass & Phillips*, for the defendants in error.

WALKER, J.—We are of opinion that the District Court erred in not sustaining the demurrer to the plaintiffs' petition, and that the plaintiffs below had no cause of action which could be enforced in a court of law or equity.

On the 27th day of December, 1839, after stating the items of a bill of goods purchased by Jose Maria Aldrete from Phillip Demitt, Aldrete made in writing the following promise:

" I have received the above goods to my satisfaction, and promise to pay for them, on my return from my journey, in this manner:   Brood cows at six dollars, heifers at four dollars and of two years at three dollars, or in default of these the money, sufficient to satisfy the amount of eight hundred and eighty-seven dollars and ninety-nine and three-quarter cents, according to the sum total of the invoice.

"(Signed)                 JOSE MARIA ALDRETE."

It appears that Aldrete did return from his journey, but whether he paid for the goods in cattle or money does not distinctly appear, and we have no satisfactory trace of the subsequent transactions of the parties to this contract in the record. And the only evidence that the debt was ever paid arises from the lapse of time, and some very unsatisfactory evidence given by the witness Marquez, of the sale of two sitios of land, by Aldrete to Demitt, situated on the arroyo del Aransas, with

some confusion as to the date of this transaction; also, a receipt against claims and accounts of Demitt, but whether the original debt for the goods was included does not satisfactorily appear from the receipt itself. On the 10th of June, 1853, *the original parties to this transaction both being dead*, the plaintiffs in error executed the following writing to the defendants:

" In case I do not produce the receipt of the within named Phillip Demitt against the within obligation, within six months from this date, I promise to pay the same as follows:

" One-third in six months, one-third in twelve months, and the other third in eighteen months from this date; and in case I do produce such receipt to the widow and heirs of said Demitt, they are to deliver this obligation up to me without further payment of the same.

"(Signed)                         JOSE MA. ALDRETE.
" Dated June 10th, 1853."

Attached to this instrument is the following:

" I do hereby bind myself for the fulfillment of the above promise and undertaking of Jose Ma. Aldrete.

" (Signed)                         THOMAS WELDER.
"June 10th, 1853."

At the Spring term of the District Court for the county of Victoria for the year 1856, the plaintiffs below filed their suit, and at the February term for the year 1860, they obtained a judgment. The case comes to this court on errors.

The demurrer or exceptions below was taken to the insufficiency of the petition, in that the contract set out and sued on was without consideration, not binding on the defendants, and that the previous debt of Jose Maria Aldrete was paid, and that it was also barred by limitation. The last promise made by Jose Maria Aldrete was not sufficient to take the case out of the statute; it was no acknowledgment of the justice of the claim. There was no admission of a subsisting indebtedness. It is either in the notice of a protest against the existence of any indebtedness and a wager on the part of Jose Maria Aldrete that he would satisfy the widow and heirs of Demitt in six

XXXII—36

months, that the debt had been paid, by producing the receipt of Phillip Demitt against it. To the point stated the authorities are perfectly conclusive. (See Coles v. Kelsey, 2 Tex., 555; Bell v. Morison, 1st Peters, 351; Webler v. Cochrane, 4 Tex., 36; Rondon v. Toby, 11 Howard, 519.) In Cole v. Kelsey, the court say: "A subsequent promise, to remove the bar of the statute, must not only contain an acknowledgment of the debt, but it must express a willingness to pay it." This is doubtless the correct rule, and is conclusive of this case.

The paper dated June 10th, 1853, does not acknowledge the debt, nor does it promise to pay it, except upon failure to produce a certain receipt, which the plaintiffs in error claim they did produce on the trial below.

This promise expressed no consideration, nor, indeed, was there any consideration moving to the promisors or against the promisees. It was truly a *nudum pactum*.

The judgment of the District Court is reversed and the cause dismissed, with costs to the plaintiff in error.

Reversed and dismissed.