J. T. ACERS ET AL. V. W. H. ACERS, EXECUTOR, ET AL.

Decided March 3, 1900.

**1.   Limitations—Surety—Death of Principal—Statute Not Suspended.**

Limitation against a promissory note is not suspended, as to a surety thereon, for twelve months from and after the death of the principal, since, under the statutes, the surety may be sued in such case without joining the principal or his legal representatives. Rev. Stats., arts. 1204, 3369.

**2.   Same—Written Acknowledgment of Debt—Letters.**

Where a debtor, when written to for payment of a note, replied by letter stating that he regretted he had let the debt run so long; that he might have paid it but for carelessness; that the security was ample, and asking for time, this was a sufficient acknowledgment of the justness of the debt and promise to pay it to take it out of the bar of the statute.

APPEAL from Clay.   Tried below before Hon. A. H. CARRIGAN.

*Barrett & Barrett* and *Geo. E. Miller*, for appellants.

*W. G. Eustis*, for appellees.

CONNER, CHIEF JUSTICE.—This suit was instituted on the 3d day of January, 1899, in the District Court of Clay County, by W. H. Acers, as executor, against J. T. Acers, on a promissory note for $1290.67, dated December 1, 1888, due on or before five years after the first day of April, 1889, signed by the defendant J. T. Acers and John Acers, who was the father of J. T. Acers, payable to the executors and administrators of Henry Acers, deceased, with 8 per cent interest and attorney's fees, which note was assigned to Margaret A. Acers, who having died, appellee W. H. Acers qualified as her executor.   John Acers was not joined in the suit, he having died in September, 1895.   Appellee also sought to foreclose a mortgage upon 640 acres of land situated in Clay County that had been executed by the appellant J. T. Acers at the time of the execution of the note aforesaid, to secure the same.   Appellants B. F. Hooker and L. C. and F. J. Barrett were made parties defendant on the ground that since the execution of the note and mortgage in question they had become purchasers of parts of the land so mortgaged.

It will be observed from the foregoing statement that the note sued upon became barred on April 1, 1898, excluding days of grace, which

fact, among other things, was pleaded by appellant in defense of the suit, in answer to which appellee pleaded the following letters written and signed by J. T. Acers in answer to letters demanding payment of the note sued on, as an acknowledgment sufficient to take the case out of the operation of the statute of limitation pleaded:

"CHARLIE, TEXAS, October 14, 1895.

"Mr. R. W. Tirrill, Manchester, Iowa: Dear Sir.—Yours of October 5th received, and in reply I have to say that I let that business run so long that I had almost forgotten about it. It would be quite inconvenient for me to pay now. I mean at once, but if the matter is urgent, I will get the money together as soon as possible and send to you; but I tell you frankly that on account of the almost impossibility of selling anything for a decent price I will have to sacrifice largely to get the money at once. If they do not have to have the money right away, please let me know, as I am just now overloaded with work in putting up my crops, and can't stop for anything unless absolutely necessary.

"Please let me hear from you and oblige, yours,

"'J. T. ACERS."

"CHARLIE, TEXAS, February 5, 1896.

"Mr. R. W. Tirrill, Manchester, Iowa: Dear Sir.—Yours in answer to mine received. On account of sickness of my father, etc., for the last two years and his having to live at other places, fencing and other improvements on my place, I am out of ready money to such an amount as needed. I would have to sacrifice largely. There is absolutely no money in the country except in the banks. To raise money at forced sale would take at the best six to ten thousand dollars' worth of property to raise the amount of the note, so I am obliged to ask for time until I can turn some of my loose stuff into money or perhaps sell a piece of land, but nothing can be done by hurry. However, the security is ample. I have been offered on it (section 9) my home place five thousand dollars loan. I will get around as soon as I can, and sorry that I have to let it run as might have paid it long ago but for careless. I hope Allison will get the presidency and times change for the better. Yours truly,

"J. T. ACERS."

We have thus presented the principal question in the case, and the facts stated and to be stated by us are principally such as are deemed pertinent in the determination of this question.

It appears that appellant J. T. Acers was in fact but a surety on the note in question; that at some previous period John Acers had executed to his brother, Henry Acers, his promissory note, after which Henry Acers died, and the note sued upon was executed, as before stated, in renewal of the former note to Henry Acers. It also appears that the land mortgaged had been sold by John Acers to J. T. Acers in 1883, for a consideration of $8000, to secure which a vendor's lien

was retained; that shortly prior to the execution of the note and mortgage sued upon, John Acers duly executed a release of said vendors' lien, acknowledging full payment by J. T. Acers.

It is insisted by appellee in support of the judgment below that the note was not in fact barred by reason of the suspension of the law of limitation for the twelve months succeeding the death of John Acers; but we are of opinion that this contention can not be sustained. It is expressly provided by article 1204, Revised Statutes, that the guarantor and surety upon any contract may be sued without the necessity of previously or at the same time suing the principal obligor, when he is dead. See also, in this connection, the case of Miller v. Sullivan, 89 Texas, 480. It has been expressly held that limitation begins to run in favor of the surety from the time suit was authorized against him. See Kaufman v. Wolf, 77 Texas, 250; also Ratcliff v. Leming, 30 Ind., 289. In the case of Wofford v. Unger, 55 Texas, 480, under somewhat similar circumstances it was held that the separate property of the wife mortgaged to secure the note of the husband was discharged by reason of the bar of limitations, though as against the husband the note was not barred, the statute as to him having been suspended by bankrupt proceedings. So that we think it clear that the death of John Acers did not interrupt the operation of the statute of limitation as to J. T. Acers, and that as to him the bar was complete at the time of the institution of this suit and at the time he wrote the letters hereinbefore set out.

It is also insisted by appellee that the note and mortgage in question were executed by J. T. Acers as the consideration for the execution by John Acers of the release of the vendor's lien before stated, and that in effect the note and mortgage in question are, as to J. T. Acers, a promise to pay a part of the original purchase price of the land so purchased from his father John Acers, it appearing in proof that J. T. Acers had in fact paid no considerable amount of the $8000 he originally contracted to pay; and appellee insists he is entitled to be subrogated to the right of John Acres in the vendor's lien on the land in question. While appellee's contention has some support in the inferences that may perhaps be properly drawn from the facts stated, yet we are unable to say that the court's finding against him on this issue, as shown by the judgment, is erroneous. There is no direct testimony sustaining appellee's contention, the release from John Acers to J. T. Acers reciting full payment and satisfaction of the purchase money agreed to be paid by J. T. Acers, and this appears, as shown in the record, to have been duly executed several days prior to the execution of the note and mortagage sued upon in this case, and J. T. Acers in effect denies that such was the consideration for his execution of the note and mortgage in question.

We are of opinion, however, that the letters hereinbefore set out constitute a sufficient acknowledgment under our statute to take the case out of the operation of the law of limitation pleaded, and that there-

fore the judgment below must be sustained. Very much has been written and said on the subject in question, and it will not be profitable to review the many authorities that might be cited. It is sometimes difficult of determination, but we think the import of the letters written and signed by J. T. Acers in answer to letters requesting payment, as above set out, constitute a clear acknowledgment of a subsisting debt, from which the law will imply a promise of payment on his part. He states that he regrets that he let the debt run so long; that he might have paid it but for carelessness; that he will get around to it as soon as he can; that the security is ample; that he is obliged to ask time. If appellant J. T. Acers did not intend to acknowledge the debt in question as legal and subsisting, why was he obliged to ask time? Or if not so intending, what effect can be given to his statement that the "security is ample?" Under our decisions a mortgage is but an incident of a debt. If the debt be extinguished, there is no security. We find no expression in the letters in question of an unwillingness or inability ultimately to pay, and we think, without further discussion, that the letters mentioned herein are equally as strong in the import of their acknowledgment as letters and writings held sufficient in the following cases: Howard v. Windom, 86 Texas, 560; Clayton v. Watkins, 19 Texas Civ. App., 133; Walsh v. Meyer, 111 U. S., 31 (L. Ed. Bk. 28, p. 338); Henry v. Roe, 83 Texas, 451; Russ v. Cunningham, 16 S. W. Rep., 446.

No error having been found in the result reached by the court below, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.