## SEWELL v. WILCOX. (No. 1957.)

(Court of Civil Appeals of Texas. El Paso. Dec. 30, 1926.)

**1. Limitation of actions ⇔148(3)—Maker's letters to payee of note held to evidence new promise to pay, avoiding statute of limitations.**

Maker's letters, requesting payee of note sued on to wait until he could raise some money, *held* to evidence a new promise to pay, avoiding the statute of limitations.

**2. Bills and notes ⇔534—Allowance of less than amount of attorneys' fees stipulated in note held not error.**

Allowance of attorneys' fees in action on note *held* not error, in absence of evidence that a much larger amount stipulated in the note was unreasonable.

**3. Limitation of actions ⇔145(1)—New promise to pay held to support action on note between parties, though not evidenced by duly acknowledged and recorded extension contract (Complete Tex. St. 1920, art. 5695).**

New promise to pay, evidenced by maker's letters to payee of note, *held* to support action thereon between original parties, where no intervening rights of third persons had accrued, though not evidenced by extension contract acknowledged and recorded as required by Complete Tex. St. 1920, art. 5695.

**4. Appeal and error ⇔172(3)—Where plaintiff on appeal did not complain of refusal to decree foreclosure of deed of trust, reviewing court cannot render such relief.**

Where plaintiff was entitled to foreclosure of deed of trust, but on defendant's appeal from judgment did not complain of refusal of such relief, and in his brief admitted it was properly denied, reviewing court could not render judgment of foreclosure.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Action by Byron D. Wilcox against R. N. Sewell. Judgment for plaintiff, and defendant appeals. Affirmed.

H. G. Russell, of Pecos, for appellant. J. A. Drane, of Pecos, for appellee.

---

⇔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGGINS, J. Wilcox sued Sewell upon the latter's note for $1,500, due May 4, 1921, secured by deed of trust upon land.

The suit was filed December 18, 1925. By amended petition, filed April 19, 1926, the plaintiff, in avoidance of the statute of limitation, declared upon and copied certain letters of Sewell written to the plaintiff. Omitting addresses and signature, they read:

"April 25, 1922.

"I.rec'd your letter a few days ago, but on account of my wife being confined to her bed I have not been able to look after any outside matters. She is but little better today but I have come down town for a few minutes and will write you. I will say that it is impossible to raise any money just now, but the party that promised me some has gone to Dallas and thinks he can raise it there. That is the only chance I know of. His partner lives in Dallas and has been gone to Europe for 2 months & has just returned home. In regard to taking up loan, I fully intend to pay this off this fall and if you will just have a little patience with me I will use all my efforts to meet these obligations. I know of a number of farmers right here in my same condition & the parties holding their paper are carrying them & not saying a word. Crops look good and we have just had a pretty good rain & things look like we would be in good shape. If I succeed in getting some money I will for'd you chk by first mail. Hoping you do not worry about these matters for they will be met—

"Yours truly."

"June 1, 1922.

"Please for'd all papers, with proper release signed & acknowledged, to the Pecos Valley Bank and I will have them paid. I have arranged to take this matter up. Don't fail to attend to this & get them here as soon as possible."

"August 25, 1922.

"I am taking this opportunity to write you a few lines in regard to my loan. I fail to get the loan I was trying to make some 2 months ago. It is impossible to find any money here to loan at any kind of a deal. It is not here. I have a pretty good cotton crop and it is about matured and we will begin picking by Sept. 15 or 20th and as soon as I meet my little running expenses I will be in shape to meet your matter. It is very dry here and we need rain very bad. I will close for the present."

"Oct. 20, 1922.

"Enclosed find chk for $150.00 to be applied on interest on loan. It has rained and drizzled here all the week and we have done nothing in the way of gathering cotton. The sun has just begun to shine and I think it will be some more good weather to begin gathering again. I will send you the other payment in a few days, & oblige."

The note bore interest at the rate of 10 per cent. per annum, and provided for 10 per cent. upon principal and interest, if placed in the hands of an attorney for collection, or if collected by suit. It was admitted by plaintiff that interest had been paid to May 4, 1924.

Upon trial without a jury judgment was rendered April 21, 1926, in favor of the plaintiff for $1,864.80, but foreclosure of the deed of trust was refused. The defendant appeals.

[1] In our opinion the letters quoted, coupled with the undisputed evidence showing that the letters referred to the notes sued upon, and that Wilcox complied with the request contained in the letter of June 1st, were amply sufficient to renew the note. Howard v. Windom, 86 Tex. 560, 26 S. W. 483; Russ v. Cunningham (Tex. Sup.) 16 S. W. 447; Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1159, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217; York v. Hughes (Tex. Com. App.) 286 S. W. 165; O'Neil v. Ellis (Tex. Civ. App.) 78 S. W. 1083; Acers v. Acers, 22 Tex. Civ. App. 584, 56 S. W. 197.

[2] The allowance of attorney's fees presents no error. The amount allowed was much less than 10 per cent., and there was no evidence that 10 per cent. was an unreasonable amount. In the state of the evidence the full amount stipulated in the note might properly have been allowed. Bank v. Robinson, 104 Tex. 166, 135 S. W. 372; Brannin v. Richardson, 108 Tex. 112, 185 S. W. 562; Beckham v. Scott (Tex. Civ. App.) 142 S. W. 80; Slaughter v. Morton (Tex. Civ. App.) 195 S. W. 897. There is no merit in the contention that the petition did not declare upon the new promise evidenced by the letters.

[3] The suit being between the original parties, and no intervening rights of third persons having accrued, the new promise evidenced by the notes supports the action, and it is immaterial that such promise was not evidenced by an extension contract acknowledged and recorded, as required by article 5695, Complete Texas Statutes 1920. Mortgage Co. v. Bellamy (Tex. Com. App.) 278 S. W. 180; Watson v. Bank (Tex. Com. App.) 285 S. W. 1050.

[4] Under the last-cited cases the appellee was entitled to foreclosure of his deed of trust, but he does not complain of the refusal of such relief. In the brief he admits it was properly denied. In this condition of the record it would not be proper for this court to render judgment of foreclosure.

Affirmed.