### C. H. HYER & SONS v. MORROW.
#### (No. 12133.)

Court of Civil Appeals of Texas. Fort Worth.
April 20, 1929.

Bonner, Bonner & Fryer and Virgil Childress, all of Wichita Falls, for appellant.

J. P. Simpson, of Jacksboro, for appellee.

CONNER, C. J. ■ The appellant, C. H. Hyer & Sons, a partnership, sued the appellee, J. N. Morrow, in the justice court upon a verified account for goods, wares, and merchandise, alleged to have been bought by appellee Morrow. A trial in the justice court resulted in a judgment in appellee's favor. The pleadings in the justice court do not appear, but the judgment in favor of appellee was presumably based on the ground that the plaintiff's action was barred by limitation, it appearing from the face of the account that more than two years had elapsed from the several dates of the sales. In such case it was permissible to invoke the statute by exception, so that the absence of a plea in the justice court of the statute of limitation is not material. See Coles v. Kelsey, 2 Tex. 542, 47 Am. Dec. 661; Long v. Anderson, 4 Tex. 422; Page v. Findley, 5 Tex. 391.

■ From the judgment of the justice court, appellant was granted a writ of certiorari, and it removed the case to the county court. In the county court appellant not only set up its account, but also a letter written by appellee in avoidance of the statute. The cause of action, therefore, rests upon the written letter and not on the verified account; it being the holding of the courts in such cases that the account operates merely as a sufficient consideration for the new promise. Leigh v. Linthecum, 30 Tex. 101; Howard & Hume v. Windom, 86 Tex. 560, 26 S. W. 483; Cotulla v. Urbahn, 104 Tex. 210, 135 S. W. 1159, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217.

The trial in the county court resulted, as before, in a judgment in appellee's favor, he having filed in that court a formal plea of the two years' statute of limitation, upon which the judgment evidently rests.

■■ But one material question is raised on this appeal. Appellant insists that the court erred in rendering judgment for appellee and in not rendering judgment for it on the undisputed evidence. Appellant, in avoidance of appellee's plea of limitation, offered the following letter written by appellee to appellant's attorney, to wit:

"Jacksboro, Texas, October 10, 1927.

"Messrs. Bonner, Bonner & Fryer, Wichita Falls, Texas—Dear Sir: I am just in receipt of your letter of 6th, as regard $139.00 acct. to C. H. Hyer & Sons. I think this firm is high class and feel that the acct. is OK. and ought to have been paid long ago. Today I do not have the money. Tho believe I will shortly, because I believe in another week, I will be back in my store and I will do more business than have been lately. On Saturday Aug. 27 and beginning on this day have spent $50.00 advertising my 25th anniversary sale, and it fell flat because about 4 p. m., without an hour's notice I was taken seriously sick, and finally got so could bring me home and haven't been back since. On September 7 went to Dr. Harris hospital Fort Worth and on 9th Dr. Harris operated for Gall stone trouble. On October 25, came home and am fast improving and will be back in the store again by the end of present week. For 25 years I have owned and run this store and have always paid and I'll make it a point to take care of your account just at earliest day, and I thank you.

."Very truly,        J. N. Morrow."

Appellee, in testifying, acknowledged having written the letter, and also acknowledged having purchased and received the goods and merchandise specified in the accounts at the dates therein given, but failed to give any reason why he had not paid the account as promised in the letter. It is clear, we think, that the letter embodies a distinct promise to pay the debt evidenced by the open account. It may be said that it admits to no more on the whole than a promise to pay "when able," which construction, if adopted, would, it seems, in the absence of an explanation, support the judgment of the county court, it being the rule of decision in this country that, to remove a case from the bar of the statute, the new promise must be unconditional. See 25 Cyc. p. 1325, para. VI; York v. Hughes (Tex. Com. App.) 286 S. W. 165. We quote the following from the opinion of the case just cited, to wit: "In order to remove the bar of limitation from a barred indebtedness, there must be a new promise to pay same, evidenced by writing on the part of the debtor. The liability of the debtor, in such a case, depends, not upon the old obligation, but upon the new promise. This new promise need not be expressed in the writing, but may be implied from what is written. An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness. But if the acknowledgment of the existence of the indebtedness be qualified by an expressed promise to pay same conditionally, a promise different from the one so expressed will not be implied. In such a case the fulfillment of the named condition becomes a prerequisite to the debtor's liability on the new promise. Salinas v. Wright, 11 Tex. 572; McDonald v. Grey, 29 Tex. 80; Webber v. Cochrane, 4 Tex. 31; Smith v. Fly, 24 Tex. 354, 76 Am. Dec. 109; Mitchell v. Clay, 8 Tex. 443; Coles v. Kelsey, 2 Tex. 556, 47 Am. Dec. 661; Rowlett v. Lane, 43 Tex. 274; Howard v. Windom, 86 Tex. 560, 26 S. W. 483."

We think, however, that the letter under consideration is not reasonably susceptible of the construction suggested. As stated, therefrom a distinct promise to pay is not only implied but substantially expressed, and the statements therein that appellee for 25 years had owned and run a store and had always paid his bills, and expected soon to resume his business, negatives a contention that appellee would not be able to pay within a reasonable time. If true that for any reason appellee after writing the letter and prior to the trial had found himself unable to pay, he of all persons best knew what that reason was, but, as before stated, he offered no explanation showing or tending to show an inability on his part to fulfill the promise expressed in the letter. No evidence other than that we have referred to was given upon the trial, and we think the evidence submitted amply sufficient to support the judgment in favor of appellant rather than in favor of appellee.

In Howard & Hume v. Windom, 86 Tex. 560, 26 S. W. 483, the following letters were held to be sufficient to take the case out of the statute:

"Farmersville, Collin County,
          January 8, 1886.

"Thomas C. Bean: I take my pen in hand to answer your kind letter that came to hand the other day. Was glad to hear from you. I wrote to you that I would pay you some money the last of this month. I have got some due me in Georgia, and the parties that owe me say they will pay it. I thought that I would have got it before now. If you don't come down here I will bring it to you as soon as I get it. If I don't get it I will try to borrow some for you. I will do my best, for you have not pushed me. I have had a heap of bad luck for two years, but where there is a will there is a way, so I will keep trying for the better," etc.

"Farmersville, December 9, 1886.

"Dear Friend: I take my pen in hand to write you a few lines to let you know how I am getting along. I have not heard from you in sometime. I wrote you a letter sometime back, and I have not heard from you. I want you to write me how much I owe you, and let me hear from you by return mail. I will let you know how much I can pay you in my next letter. I will come up there soon to see you. So I will close for this time."

"February 1, 1887.

"Mr. Thomas C. Bean: I received your letter today, and was glad to hear from you. This is the first time I have got a letter from you in sometime. I had 'rote' you two letters since I got any from you. I want you to write me (the) very less you can take for the note that you hold against me; for I don't know how to pay only to sell the land, and if I can't sell it and make it pay for itself, for I have not got the money and can't get it at no less than 18 per cent, and you know that wont do. If you are willing for me to sell it, I think I can pay you. I want you to write to me as soon as you get this letter. I had so much bad luck I lost $500 last year. I have worked hard to pay you, for you have been as kind to me as a father. I have got all of my land well improved. Write me as soon as you get this.

"Yours respectly," etc.

In so holding, Associate Justice Gaines, later Chief Justice, among other things, said: "It would appear, therefore, that when a defendant clearly acknowledges in writing that the debt is a just and subsisting obligation, and evinces that although he is unable to pay at the time, he has no desire or purpose to repudiate any part of it, every evil which the statute of limitations was intended to remedy is obviated, and that no reason exists why the demand should not be enforced."

The statute declares (Rev. Statutes of 1925, art. 5539) that: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

As so worded, this statute has continued for many years, and in Webber v. Cochrane, 4 Tex. 37, our Supreme Court, in construing the statute, among other things, said: " * * * Or in other words, the phrase, acknowledgment of the justness of the claim, as used in the statute, imports an admission at the time, that the claim is a subsisting debt; and, if unaccompanied by any circumstances repelling the presumption of the party's willingness or intention to pay, his liability and consequent promise are necessary legal inferences from the facts of the case."

In Russ v. Cunningham (Tex. Sup.) 16 S. W. 446, the following letter was held by our Supreme Court to be sufficient to take the case out of the statute: " 'When I last saw you I explained to you that everything I had was tied up, and that the first debt I paid would be yours.' 'By doing the way you have it seems to me you desire to advertise the fact that I am in debt.' 'I wish to say to you plainly that drawing on me is not

making your claim better. If you are not satisfied with delay and my excuses sue me as a man, but cease persecuting me. I am good for any judgment obtained against me.' "

For other cases of like import, see Henry v. Roe, 83 Tex. 446, 18 S. W. 806; Sewell v. Wilcox (Tex. Civ. App.) 290 S. W. 264; Acers v. Acers, 22 Tex. Civ. App. 584, 56 S. W. 196; Western Casket Co. v. Estrada (Tex. Civ. App.) 116 S. W. 113.

We conclude that appellant's assignments of error must be sustained, and the judgment below reversed and here rendered for appellant against appellee for the sum of $139, the amount of appellant's verified account, together with interest thereon at the rate of 6 per cent. per annum from January 1, 1926, and all costs of this court and the court below, for all which execution may issue.