## COCHRAN v. J. B. COE LUMBER CO.
### No. 4422.

Court of Civil Appeals of Texas. Amarillo.
May 13, 1935.

Fred T. Arnold, of Graham, for appellant.

Monning & Akin, of Amarillo, for appellee.

HALL, Chief Justice.

This is a suit by the appellee lumber company based upon appellant's promissory note issued originally in the sum of $900. The appellee amended its original petition declaring upon the note, and set out in full six letters written by appellant to appellee in respect to the note which appellee claims acknowledged the justness of his obligation. It is alleged that by reason of the premises and by means of the note and letters, and each of them, appellant obligated and bound himself and promised to pay appellee the sum of money in said note specified, together with 8 per cent. interest and 10 per cent. attorney's fees, the note having been placed in the hands of an attorney for collection. It further alleged that the note was past due and unpaid. The prayer is for the debt, interest, and attorney's fees, and for general and special relief.

The appellant's only defense was the four-year statute of limitation (Vernon's Ann. Civ. St. art. 5527), which was interposed by a general demurrer and several so-called special exceptions (which were in effect only general demurrers to different parts of the petition), special plea, and objections to the evidence. The court overruled the demurrer and all exceptions.

The case was tried to the court without a jury and resulted in a judgment in favor of the appellee against the appellant in the sum of $1,301.78 and all costs.

The letters written by Cochran to the appellee, omitting the formal parts, are as follows:

"September 25, 1930. Enclosed find $25.-00 to apply on account. We are slow this time but so is business. Dull as can be. Will send it as often as we get it. Doing well to be able to pay at all."

"December 18, 1930. I haven't forgotten my obligation I made to you but I cannot pay you anything just now. We are in a squabble over the court house and no one is having any work done on that account, and too, this is a dull season, at best, and business conditions make matters worse. Please trust that we are doing the very best we can regarding our payments to you so we shall pay you as soon as possible."

"February 4, 1931. I appreciate your patience with my account and I would be more than glad to send you a check but at this time I am not making a living and there is no relief in sight so I cannot promise when a payment can be made."

"March 18, 1931. In reply to your letter of March 4th I am very sorry to say finances are no better with me than when last I wrote you. I have no securities or money to send you. I am going to Kilgore, Texas in the morning to start work there hoping to make good. If there is any money to be made in my line I will make it and remember you."

"May 29, 1931. I have your letter of the 27th regarding my note with you. We are not doing anything here and have no prospects. I have built several Gulf filling stations and have the friendship of several of the company men and the Gulf Company is the only one doing any building. I have had lots of good experience and learned quite a bit in the past four years. Would be glad to come to Amarillo or any other place and start anything any time. I am sure if you have any building there you could use me to good advantage for your company and myself."

"June 25, 1932. In regard to my note that is long past due, will say that as long as things continue as they are I will be unable to pay anything unless you have some building there and could work me in on it. If you could arrange to pay me a part and credit me with the balance we could work out some way to settle on. Myself or no one else here is making a living. East Texas is worse."

The first contention to be considered is that it appears from the amended petition plaintiff is still suing upon the original note when under the well-established rule the action should be based upon the new promise evidenced by the letters. Admitting the rule to be as the appellant contends that the action must be upon the new promise, either express or implied, we think the amended petition upon which the case was tried, when properly construed, comes within the rule. After declaring on the note, the pleading proceeds further as follows: "3. That at various times as said note became due, the defendant, by sundry letters written and signed by the defendant, either individually or by his wife acting as his agent at his special instance, direction and request and in his presence, and mailed to and received by plaintiff, unqualifiedly and unequivocally acknowledged in writing the justness of plaintiff's claim evidenced by said note as a subsisting and existing indebtedness, expressed a willingness to pay and made new promises, either express or implied, to pay said obligation evidenced by said note and thereby renewed such obligation, each of said letters referring to the obligation evidenced by said note which was the only obligation owed by defendant to plaintiff at the time said letters were written and received, being in response to letters written by plaintiff to defendant in reference to the payment of said note, said letters being in words and figures substantially as follows, to-wit. * * *"

Then follows the letters set out in full. Plaintiff further alleges:

"4. That by reason of the premises and by means of said note and said letters and each of them the defendant obligated and bound himself and promised to pay plaintiff the sum of money in said note specified, together with interest thereon from the date of said note at the rate of eight per cent per annum, and ten per cent on the principal and interest for attorney's fees, the plaintiff having been forced to place said obligation in the hands of the undersigned attorneys for collection and having contracted to pay them the ten per cent stipulated in said note for attorney's fees, the same being reasonable and the usual and customary fee.

"5. That said note and said obligation which defendant promised to pay by said letters as aforesaid are now long past due and unpaid and the defendant, though often

requested, has hitherto failed and refused and still fails and refuses to pay the same, or any part thereof, except the sums shown by the credits on the back thereof hereinabove listed, to plaintiff's great damage."

The prayer is for judgment for its debt, with interest at 8 per cent., 10 per cent. attorney's fees, costs of suit, "and for such other and further relief, special and general, in law and in' equity, to which it may be justly entitled." In our opinion the petition is not subject to the criticism urged.

The note was executed and delivered May 22, 1928. It matured November 22, 1928, so the six letters were all written after the maturity of the note and before the expiration of the four-year term necessary to complete the bar. The original petition was filed July 28, 1934. The amendment was filed August 29, 1934. The note was credited with seven payments of $25 each, the last being dated July 19, 1930.

No extended discussion or analysis of the letters is necessary. No one of them has any statement which repels an intention or willingness to pay. They all unqualifiedly admit the subsistence of the debt. There is not an intimation in any of them that the debt is' unjust or that there is any defense to it. The first, second, and fourth letters contain plain, unequivocal expressions to pay—not upon condition, as appellee insists—but "as often as we get it," "as soon as possible," "I will make it and remember you." These statements cannot be fairly construed as conditions, but are simply expressions of the writer's opinion as to the time when he hopes to pay. The third letter expresses a willingness to send a check, and states the reason why he is unable to do so. Nor do we think that the fifth and sixth letters contain conditions. They simply suggest two different plans or methods by which the appellant might be able to pay appellee if he was given work, but he does not refuse to pay in the event his suggestion is not acted upon.

In the following cases such expressions as we quote above have been uniformly held not to be conditions, but to have the effect of acknowledging the justness of the claim and constitute an implied promise to pay: Acers v. Acers, 22 Tex. Civ. App. 584, 56 S. W. 196; Sewell v. Wilcox (Tex. Civ. App.) 290 S. W. 264; Evans v. Evans (Tex. Civ. App.) 249 S. W. 1097; Vogelsang v. Taylor (Tex. Civ. App.) 80 S. W. 637;

Browne v. French, 3 Tex. Civ. App. 445, 22 S. W. 581, reannouncing the rule announced in Coles v. Kelsey, 2 Tex. 541, 542, 47 Am. Dec. 661.

In Elsby v. Luna, 15 S.W.(2d) 604, the Commission held that the new promise to pay need not be expressed in writing, but may be implied therefrom. Numerous cases announcing the same doctrine are cited in the footnote to 28 Tex. Jur. 259, § 161.

We think a proper judgment has been entered. We find no reversible error and the judgment is affirmed.