## COMBINATION OIL & GAS CO. v. BRADY.

### No. 4621.

Court of Civil Appeals of Texas. Amarillo.

June 15, 1936.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

E. D. Slough, of Amarillo, for appellee.

JACKSON, Justice.

The appellee instituted this suit in the county court of Potter county on December 20, 1934, against the appellant, a Texas corporation, to recover a balance, $375, of an agreed debt of $500, and alleged that the appellant, on November 5, 1931, had acknowledged and promised in writing to pay such debt.

The appellant answered by general denial, and pleaded the four years' statute of limitation.

On a trial without the intervention of a jury, the court rendered judgment against appellant and in favor of appellee for the principal, interest, and costs, which aggregated the sum of $454.

The appellant, by several assignments, assails the action of the court in rendering judgment against it, claiming that it affirmatively appears from the record that appellee's cause of action was barred by the four years' statute of limitation, and the writing relied on by appellee was not a sufficient, unqualified, and unequivocal acknowledgment of the justness of the alleged claim to interrupt the statute of limitation.

The agreed statement of facts shows that on August 2, 1930, the appellant admitted in writing that it owed appellee $500, which was then due; that thereafter payments amounting to $125 had been made, reducing the indebtedness to $375. On October 22, 1931, Cook, Smith, Teed, Sturgeon & Wade had the indebtedness for collection, and, as attorneys for appellee, wrote appellant a letter requesting payment. On November 5th thereafter, the appellant replied as follows:

"Cook, Smith, Teed, Sturgeon & Wade, Attorneys,

"Sharp-Reynolds Building,

"Pampa, Texas.

"Attention Mr. Smith.

"Gentlemen:

"Answering your letter of October 22, which has just came to my attention, having been away from Amarillo, will say that if you can withhold suit that you contemplate a short time I am satisfied that we can adjust the matter without the necessity of bringing the suit.

"I spent yesterday trying to sell our stored oil, we have 21000 barrels at present, and met with some encouragement, and I believe that in a few days we will have it sold; that together with the advance in the price of our runs will enable us to pay up our indebtedness in a short time. Please do not bring suit without a further conference with us.

"Yours respectfully,

"Combination Oil & Gas Co.,

"By T. J. Parks, President."

Appellant contends that the language in the letter, "we can adjust the matter," signifies some disagreement between the parties, and, as a whole, the letter can mean no more than the offer of appellant to meet appellee, discuss the account or debt, arrive at what was due, and either pay or make arrangements to pay.

It will be noted that the letter was written by appellant before the debt was barred by limitation.

Do these expressions contained in the letter, "to sell our stored oil," "we have 21000 barrels," signify that appellee is a part owner of the oil? Does the statement, "we will have it sold," signify that appellee will

assist ·in the sale, or does "our runs will enable us to pay our indebtedness" signify that appellee is liable with appellant for its indebtedness? Manifestly these expressions have no such significance. We think it is also obvious that "we can adjust the matter" does not mean that there was a difference as to the debt which should be determined or ascertained. City of Longview v. Capps (Tex.Civ.App.) 123 S.W. 160, 161. It is not necessary, however, to base our decision on this construction. It is held in Jeff Davis County v. Davis (Tex. Civ.App.) 192 S.W. 291, 295: "The words 'adjust' and 'settle' ·are synonyms (Funk & Wagnalls' New Standard Dictionary; Webster's Dictionary), and the word 'adjust' was used in the same sense as 'settle.' See Century Dictionary & Cyclopedia definition of 'adjust.'"

On August 2, 1930, the agreed statement shows that the appellant admitted in writing that it owed appellee $500. It· is not claimed that more than $125 thereof had been paid; hence, appellee's claim or debt was not unliquidated, but was a liquidated demand.

Defining the word "adjust," 1· C.J. p. 1237, reads: "When used in reference to a liquidated claim, it has the meaning of 'settle' in the sense of 'pay.'"

"No specific sum need be acknowledged to be due, if the acknowledgment is sufficiently broad as to include the debt, and sufficiently particular to show that it was the subject matter of the contract." Russ v. Cunningham (Tex.Sup.) 16 S.W. 446, 447.

The record is conclusive that the subject-matter of the letter written by appellant to appellee's attorneys was the indebtedness of appellant to appellee, and the language, "that, together with the advance in the price of our runs, will enable us to pay up our indebtedness in a short time," is sufficiently broad to cover the debt here involved.

"We understand the rule to be that, 'This new promise need not be expressed in the writing, but may be implied from what is written.' 'An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions, indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness.' York v. Hughes (Tex.Com.App.) 286 S.W. 165; Coles v. Kelsey, 2 Tex. 541, 47 Am.Dec. 661; How-

ard v. Windom, 86 Tex. 560, 26 S.W. [483] 485; Stein v. Hamman [118 Tex. 16] 6 S.W.(2d) 352 [9 S.W.(2d) 1104] (certified question opinion adopted)." Elsby v. Luna (Tex.Com.App.) 15 S.W.(2d) 604, 605. See, also, C. H. Hyer & Sons v. Morrow (Tex.Civ.App.) 16 S.W.(2d) 938; Cochran v. J. B. Coe Lumber Co. (Tex.Civ. App.) 82 S.W.(2d) 684.

There is no suggestion in the letter of appellant that the debt is unjust, the amount claimed is incorrect, that there is any defense to the claim, and no expression of unwillingness to pay.

The judgment is affirmed.