**UVALDE ROCK ASPHALT CO. v. HIGHTOWER et al.**

No. 3397.

Court of Civil Appeals of Texas. Beaumont.

Jan. 2, 1941.

Rehearing Denied Oct. 8, 1941.

See, also, 135 Tex. 410, 144 S.W.2d 533.

W. P. Dobbins and Kampmann & Burney, all of San Antonio, and Nall & Weller, of Beaumont, for appellant.

E. B. Votaw, of Beaumont, for appellees.

WALKER, Chief Justice. ·

On the 20th day of June, 1924, Judge L. B. Hightower, joined by his wife, Dora Votaw Hightower, duly executed, acknowledged and delivered to appellant, Uvalde Rock Asphalt Company, a "Mechanics, Materialmen's, and Paving Lien Contract" upon and against certain property in the city of Beaumont, constituting at that time their homestead, to secure the payment of the cost of the improvements described in the contract, street paving in front of the property, etc., in the sum of $530.97, to be paid in five installments, due as follows: One-fifth on December 12, 1924, one-fifth on December 12, 1925, one-fifth on the 12th day of November, 1926, one-fifth on the 12th of November, 1927, and one-fifth on the 12th of November, 1928. On the 17th day of October, 1929, when the balance due on the original indebtedness amounted to $638.42, and at a time when it was not barred by limitation, without the joinder of his wife, Mrs. Dora Votaw Hightower, and without her knowledge or consent, Judge L. B. Hightower entered into a contract of renewal and extension of the balance due on the original indebtedness by executing to appellant a promissory note for the balance due, dated the 17th day of October, 1929, to be paid in four installments, each for the sum of $159.60, maturing on the 17th day of October, 1930, 17th of October, 1931, 17th of October, 1932, and 17th

of October, 1933; in connection with the execution and delivery of this note, Judge Hightower executed a deed of trust, which was also a contract of renewal and extension of the balance due on the original indebtedness and of the original lien as security for the payment of the note, upon the same property described in the original contract and against which appellant held its original lien. At the time of the execution of the contract of renewal and extension and of the deed of trust, the property described therein and against which appellant claimed its lien both by the original contract and by the deed of trust, was the homestead of Judge Hightower and his wife, Dora Votaw Hightower; this property was their homestead long before the execution of the original contract and lien, and continued their homestead from the time it was originally acquired and dedicated to homestead purposes until the death of Judge Hightower in 1932, and has remained continuously the homestead of his widow, Mrs. Dora Votaw Hightower, to the present time.

This action was filed originally by Mrs. Dora Votaw Hightower, the widow and survivor in community of Judge L. B. Hightower, decd., joined by the children born to her and Judge Hightower, against appellant, praying for cancellation of the original lien, the contract of extension and renewal, and the deed of trust, as executed by Judge Hightower, and the note executed by him, as above described, in so far as they purported to constitute a lien against the homestead, on the ground, among others, that the original lien and indebtedness were barred by limitation; the theory of the petition was that the renewal notes and the contract of extension and renewal and the deed of trust, as executed by Judge Hightower and delivered by him to appellant, were void because Mrs. Hightower, his wife, had not joined in their execution and, therefore, the original indebtedness and the original lien were barred by limitation as a claim against the homestead. Appellant answered by cross action, praying for judgment foreclosing its original lien as evidenced by the renewal notes, the contract of extension and renewal, and the deed of trust, and also prayed for a personal judgment against the plaintiffs for the amount due on its claim. On trial to the court without a jury, judgment was rendered sustaining the plea of limitation and declaring void the renewal notes, the contract of extension and renewal, and the deed of trust, in so far as they purported to create a lien against the homestead property. Appellant has duly prosecuted its appeal to this court.

The judgment of the lower court has support in the law as announced by Sec. 481 of Speer on Marital Rights, 3d Ed., and in San Antonio Real Estate, Bldg. & Loan Ass'n v. Stewart et ux., 27 Tex.Civ.App. 299, 65 S.W. 665; Sudduth v. DuBose, 42 Tex.Civ.App. 226, 93 S.W. 235. The Sudduth case is the only authority cited by the parties in their briefs directly in point on the facts; the parties, on oral argument, made the statement that they had been unable to find any other authority in Texas directly in point on the facts. It seems to us in principle that the following authorities are in point and hold affirmatively that Judge Hightower had the power without the joinder of his wife, to execute the contract of renewal and extension: Odom v. Empire Bldg. & Loan Ass'n, Tex.Civ.App., 134 S. W.2d 1053; Standard Savings & Loan Ass'n v. Davis et ux., Tex.Civ.App., 85 S. W.2d 333; Thomason v. Pacific Mutual Life Ins. Co. of Calif., Tex.Civ.App., 74 S.W.2d 162. In Cooley v. Miller, Tex.Com. App., 228 S.W. 1085, 1086, the Commission of Appeals said:

"The mechanic's lien upon the homestead is authorized by the Constitution, in like manner as are liens for purchase money and taxes; and the homestead interest of the wife is no more a defense to a suit to foreclose such mechanic's lien when executed according to law than is such homestead interest a defense in an action to foreclose a vendor's or tax lien. We can perceive no difference between these three classes of liens in so far as the wife's homestead interest in the property is concerned."

On authority of the case last cited, we can perceive no difference between liens for purchase money and taxes and the lien created in favor of appellant by the due execution by Judge Hightower and his wife of the original paving contract. Since it is well settled that the husband, on the community homestead, can renew the vendor's lien and a subrogated tax lien without the joinder of the wife, it follows that Judge Hightower, without joinder of his wife, had the power to renew the original lien in issue herein, provided the property was the community homestead.

942

After Judge Hightower's death, the following correspondence passed between appellant and Mrs. L. B. Hightower:

"Law Offices of
E. L. Nall
"556 V. Wiess Building
"Beaumont, Texas
"September 18, 1937.

"Mrs. L. B. Hightower,
"1638 Sabine Pass Ave.,
"Beaumont, Texas.

"Dear Mrs. Hightower:

"The Uvalde Rock Asphalt Company of San Antonio, Texas has placed with me for collection their indebtedness in the sum of $638.42 with interest thereon at the rate of seven per cent from October 17, 1930, which indebtedness is secured by a mechanic's lien on a part of Tract 10, Plat Q, Assessors Abstract Book of the City of Beaumont. The instruments forwarded by the Company shows that the original contract was executed June 20, 1924 and extended October 17, 1930 so that the indebtedness would be payable in yearly installments of $159.60, the last installment being due and payable on October 17, 1933.

"Since the indebtedness will shortly be barred by the statute of limitation the company has instructed me to file suit unless some definite arrangements are made to take care of same within the next ten days. I trust that you will make arrangements satisfactory to my client within that time, otherwise suit will be filed without further notice. I will be glad to discuss the matter with you at any time within the next ten days.
"Very truly yours,
"Geo. A. Weller."

"Beaumont, Tex.

"Mr. Bluett Smythe,
"Uvalde Rock & Asphalt Co.
"San Antonio, Tex.

"My dear Mr. Smythe:

"The enclosed communication, from your representative, E. L. Nall of this place, was received by me on my return, Sept. 23 (1937). I beg to submit the following reasons as to my inability to do anything immediately about the matter.

"I'm entirely without any income or property, and dependent on two children who have obligations of their own. The other children have been unable to assist me any what-so-ever, since the death of my husband in 1932. The house and premises are in bad state of repair which shows that none of us have been in a financial position to even repair the roof which leaks badly. No interior or exterior repairs have been done, for about eighteen years.

"I've tried repeatedly to dispose of this place to numerous individuals, as well as real estate firms, in order to satisfy my indebtedness to you and others, with no results. The taxes on the place amount to about $4,000 (State, Co. & City). This appears incredible but can be vouched for at Tax Offices. Have hoped against hope, that some break would show up, whereby I could keep a roof over my head, but unless you will allow me to renew the notes I see no solution other than your Co. taking action against me.

"What-ever happens, I want to thank you for the personal consideration you have already shown me in the past. Please be assured (as any one can tell you) I'm entirely without any means, at present of relieving this situation, and will appreciate a reply from you as to what I am to expect at the hands of the Co.—
"Yours sincerely,
"Mrs. L. B. Hightower,
"1638 Sabine Pass Ave.,
"Beaumont.
"Best regards to your family."

"Beaumont, Tex.—Oct. 4—'37

"The Uvalde Rock & Asphalt Co.
"San Antonio, Tex.
"My Dear Mr. Smith:

"Since writing you last week in regards to my indebtedness to your Co, I believe I have found a way of securing about $500.00 (not more) in the way of a loan from a friend, on a ring I have—This will be asking for quite a reduction in the amount, but is all I have to offer you, and it will be at my disposal in about ten days, maybe before.

"Please let me hear from you immediately. Needless to say, I'll be more delighted that your Co. if you see fit to accept my offer.

"With your permission, since Mr. Crooks is familiar with the circumstances, will appreciate the privilege of conducting the settlement thru him.
"Thanking you, I am sincerely
"Dora Votaw Hightower
"(Mrs. L. B. H.)."

On our conclusion that the debt and lien were renewed and extended by Judge Hightower's contract of extension and renewal, these letters by Mrs. Hightower renewed the debt and lien, on the theory that the property was the community homestead of Judge and Mrs. Hightower. It is well settled that the surviving wife, although she has not qualified as the community survivor, has authority to renew a lien on homestead property. Bell v. Pirtle, Tex.Civ. App., 69 S.W.2d 476. Mrs. Hightower's letters constituted a clear acknowledgment by her that the debt was just and unpaid and that the lien was outstanding to secure the debt, and constituted an acknowledgment of the justness of the debt, within the terms of Article 5539, R.C.S. 1925. The following authorities sustain our construction of Mrs. Hightower's letters as falling within the provisions of Article 5539: Stein v. Hamman et ux., 118 Tex. 16, 6 S.W.2d 352, 9 S.W.2d 1104; Windom v. Howard, 86 Tex. 560, 26 S.W. 483; Cochran v. J. B. Coe Lbr. Co., Tex.Civ.App., 82 S.W.2d 684; Poe v. Poe, Tex.Civ.App., 118 S.W.2d 831; Fate v. Holland, Tex.Civ.App., 115 S.W.2d 1032; Combination Oil & Gas Co. v. Brady, Tex.Civ.App., 96 S.W.2d 415; Sewell v. Wilcox, Tex.Civ.App., 290 S.W. 264; Cherry v. Corban, Tex.Civ.App., 119 S.W. 2d 111, renewal of debt renewing lien; Acers et al. v. Acers et al., 22 Tex.Civ. App. 584, 56 S.W. 196; Caterpillar Tractor Co. v. Churchill, Tex.Civ.App., 40 S.W.2d 971; York v. Hughes, Tex.Com.App., 286 S.W. 165.

Our conclusion on the issue of extension and renewal is subject to appellees' contention that the property was Mrs. Hightower's separate estate. This case was certified by us to the Supreme Court but our certificate was not answered; in the opinion by Judge Hickman dismissing our certificate, Uvalde Rock Asphalt Co. v. Hightower et al., 135 Tex. 410, 144 S.W.2d 533, 534, on the issue that the property was Mrs. Hightower's separate property Judge Hickman said:

"Were we to hold that Judge Hightower had the power to execute the renewal note and contract, it would not follow that the judgment of the Court of Civil Appeals would be in harmony with our decision. Suppose that court should thereafter decide that the property was the separate property of Mrs. Hightower, a question reserved by it, * * * *its judgment would be one of affirmance.*" (Italics ours.)

Appellees plead that the property was Mrs. Hightower's separate property, and that appellant was not an innocent holder against her claim. The testimony, raising that issue in the lower court, was excluded on appellant's exception. But there was no testimony on the issue that appellant was not an innocent holder. However, it does not reasonably appear that appellees can not, on another trial, support that issue.

Since we can not decide on this appeal, because of the state of the record, that the property was or was not Mrs. Hightower's separate property, the judgment of the lower court must be reversed and the cause remanded for a new trial on that issue.

■ We pretermit a discussion of the issue of due performance by appellant of the obligations assumed by it under the original contract; the testimony offered by appellant on that issue but . erroneously excluded by the court should be received on another trial.

Reversed and remanded.

### On Rehearing.

In our original opinion we make the statement that Judge Hightower entered into the contract of renewal and extension of the indebtedness in issue "at a time when it was not barred by limitation." On rehearing, appellees assign error against this conclusion, as to the first and second installments on the original debt; this point is reserved in favor of appellees for adjudication on the new trial.

Appellant assigns error against our conclusion that appellees plead that the property in issue was Mrs. Hightower's separate property. The pleadings of appellee are ambiguous on this point, but it is our conclusion that the issue was before the lower court and, therefore, before this court. However, since the judgment in favor of appellees must be reversed, and since the testimony of Mrs. Hightower clearly raised the issue that the property was her separate property, the cause should be remanded for trial on that issue, as ordered in the original opinion.

It is not to be understood that our order of remand is in any sense a remand with instructions, but all issues are to be tried anew as presented to the court by the pleadings and evidence on the new trial.

The motions for rehearing are overruled except as herein indicated.